### 5469. FORMBY v. THE STATE.

WADE, J. 1. Where one was charged with the offense of being a common cheat and swindler, for ,that he on a certain day, by false representations of his wealth and respectability, obtained credit from another and thereby defrauded him of a sum named, the gist of the offense was the intention which actuated the accused in making the statements alleged to be false and fraudulent. Hence the court should have complied with a timely written request to charge the jury that if the defendant made representations and statements which he believed to be true, but which were afterwards proved to be untrue, the jury should not convict, unless it appeared, beyond a reasonable doubt, that the defendant knew his representations were untrue.

2. The court should have complied with a timely written request to charge the jury that if they believed that the defendant made representations that were not acted upon by any one until some time after they had been made, and that a new contract had been made in the way of a subsequent statement, through letter or other communication, such original representations could not be a foundation for a prosecution for cheating and swindling, unless the person making them expressly reaffirmed their truth, or at the time he obtained credit knew or had reason to believe he was obtaining the credit on the faith of the original statement.

3. The court erred in refusing to charge, as requested, that if the sole purpose of the defendant, in making the representations, was to obtain the credit extended at the time they were made, and it was reasonable for the accused to believe that subsequent credit was extended to him by reason of a partial payment, or later investigations and a subsequent arrangement, the jury would be authorized to find the defendant not guilty.

4. The requests recited above were pertinent and were directed to the gravamen of the offense charged, and a failure to give the instructions requested, or the substance thereof, was error requiring a reversal; and the judge of the superior court erred in overruling the certiorari, for this reason. Other complaints are deemed immaterial, in view of the entire record and the statement of the accused; and since it is probable that they will not recur on another trial, they are not here specifically dealt with.          *Judgment reversed. Roan, J., absent.*

DECIDED MAY 16, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. November 28, 1913.

*Walter A. Sims,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, *Lowry Arnold,* solicitor, contra.