## 813.   CURRIE *v*. THE STATE.

1. The fact that one may commit forgery in accomplishing a larceny is no defense against the charge of larceny. The forgery may be the means employed for converting a stolen paper to the use of the thief.
2. A receipt representing a bale of cotton deposited in a warehouse and describing it by marks or by number, commonly called a warehouse receipt, is a subject-matter of larceny.
3. The fact that the owner of stolen property suffered no loss, or that the stolen property was recovered, is immaterial on the subject of the guilt or innocence of one accused of theft.
4. The instructions contained in the charge of the court which are excepted to are without error.
5. The evidence fully authorized the verdict of guilty, and there was no error in overruling the motion for new trial.

Indictment for larceny from house, from Laurens superior court —Judge Lewis.   October 8, 1907.

Submitted December 9,—December 20, 1907.

*T. L. Griner, John R. Cooper,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

RUSSELL, J.  Currie was convicted of larceny from the house. His motion for new trial was overruled, and he excepts. The motion for new trial is predicated upon four grounds which are insisted upon in the brief. These grounds are contained in the amendment to the original motion.

1. The first ground of the amended motion excepts to the charge of the court on the subject of larceny from the house, for the reason, as insisted, that the defendant could not legally be convicted of that crime. The defendant's contention is that if he is guilty of any offense, he is guilty of the crime of forgery, and not of larceny from the house. We think that the defendant could have been convicted of forgery, but we do not think that it follows by any means that he may not also be convicted, under the evidence in this case, of the offense of larceny from the house. No exception is taken to the instruction of the court upon this subject except that it was inapplicable to the evidence, for the reason that the evidence would not authorize a conviction of the defendant of the offense of which he stood charged. The question, then, raised by this ground of the motion, is whether evidence of the theft of two warehouse receipts for two bales of cotton will authorize a conviction of larceny. We think that there is no doubt that such

warehouse receipts as are described in the indictment may be the subject-matter of larceny. The point might have been raised by demurrer to the indictment, for the proof corresponded with its allegations, but the defendant preferred to take his chances on a verdict. We are not now discussing the sufficiency of the evidence in this case, but we lay it down as a general rule that if the fact of the taking of a warehouse receipt for two bales of cotton is established, and the intent to steal this paper and thereby to convert the cotton which it represents to the taker's use is satisfactorily shown, the taker of the warehouse receipt would be guilty of larceny, if the ownership, value, jurisdiction, and other necessary facts are made to appear. To steal a warehouse receipt which evidences a bale of cotton is as much larceny as the theft of a silver certificate, a national bank note, or a greenback. As held by this court in *Livingston* v. *Anderson,* 2 *Ga. App.* 274 (58 S. E. 505), a warehouse receipt for cotton is symbolic of the cotton itself; and the evidence in this case established what is always true, that the receipt is worth as much as the market value of the cotton it represents. It matters not that in this case it may have been necessary for the defendant, or some one for him, to forge the name of the cotton buyer, Coley, in order to transmute the receipt into money. This was only the means used in converting the receipt to his own use, and additional evidence of the intent to steal; just as one who steals a $20 bank-note, which is intrinsically of trifling value, may exchange it for two $10 gold pieces, which are actually worth the amount of which the bill is only symbolic. The warehouse receipt for the cotton is only a symbol of the intrinsic value of that cotton, just as the piece of paper, current as money, is symbolic of its actual value when redeemed.

2. The second assignment of error complains of the following charge: "You look to the evidence in the case, applying the principles of law that will be given you in charge, and ascertain whether or not he did, as charged in this indictment, enter that warehouse and take therefrom these two receipts as charged, and with intent to steal the same,—with the intent to appropriate to his own use the property of another person. I charge you that a receipt representing a bale of cotton, showing on its face a deposit of the cotton and identifying the cotton, given by the warehouse to the owner of the cotton, held by said warehouse for the owner, is

property, and is a subject-matter of larceny. The plaintiff in error assigns error on this charge as being an expression of opinion as to the guilt of the accused, and because he insists that the receipts did not represent anything of value until Coley's name was forged to them. The instruction of the court that a receipt representing a bale of cotton, showing on its face a deposit of cotton (and identifying the cotton), executed by the warehouse to the owner of the cotton held by the warehouse, is property, was not in any sense an expression of opinion of the court on the facts. Therefore it was not, for the first reason assigned, erroneous. It was simply a statement of the law applicable to the evidence in case the jury found in the evidence such a receipt as the judge described. As the receipts were in evidence, without contradiction or objection, the judge would have been authorized, without error, to refer to them as being in evidence. The second objection to this charge,—that the receipts did not represent any value until Coley's name was forged to them, and that in that event, and for that reason, the prisoner would be guilty of forgery and not of larceny from the house, is without point or merit, for the reasons already stated in the first division of this opinion.

3. Error is assigned, in the 3d ground of the motion, on the instruction by the court that the fact that the owner of the property had never been defrauded out of anything would be no defense to the defendant. There was no error in this instruction. In fact, the principle stated by the judge is so fundamental that it strikes us with surprise that it should be seriously questioned. It appears, from the evidence, that the cotton represented by the two warehouse receipts, alleged to have been stolen by the defendant, belonged to a negro named King; it further appears that the proprietor of the warehouse, after the theft was discovered, gave King duplicate receipts, as he should have done, and by means of these receipts King's cotton was restored to him. The result was that King lost nothing. But it would be to state a doctrine entirely new to the law, to say that by reason of that fact the guilt of the defendant, if he be guilty, was propitiated. If indeed he stole the cotton receipts, nothing that happened subsequently could affect his guilt. The crime was complete, and there could be no propitiation or absolution, except in the penalty of the law. If the rule stated by the distinguished counsel for the plaintiff in er-

ror is true, all that would be necessary, in order to wipe out the entire transaction, would be for a thief, when .detected, to return and restore the stolen property. And if this be the law, it is fearful to contemplate how many defendants have suffered unjustly the pains and penalties of unholy sentences,—particularly in the cases where horses were stolen, in which the penalty was, at one time, death. Many sentences have been enforced where the stolen property was recovered without loss by the owner. Nor was the charge of the court upon this subject an intimation of opinion, as contended by plaintiff in error. It was a clear and apt statement of the law, though contrary to the defendant's contention.

4. The 4th ground of the motion is but a repetition of the objections urged in the 1st and 3d grounds, and is, for the reasons stated in these grounds, without merit.

5. Returning to the general ground that the verdict is contrary to the evidence, it is apparent, from what we have stated, that it is only necessary to inquire whether the evidence .was sufficient to show that this defendant took the receipts described in the indictment, knowing that they were not his, and converted them to his own use. The receipts show upon their face that they were issued to L. A. King. There was no chance of mistake upon that score. If the defendant forged Coley's name, it was because he knew that the receipts were not his, and he dared not carry them to Coley or any other cotton buyer before presenting them to the merchant who was accustomed to pay the cotton bills. It is not contended that Coley himself signed the receipts. The testimony as to another Coley was evidently not credited by the jury. And the State proved to the satisfaction of the jury that the defendant presented these receipts and got the money on them, and that immediately prior to his presentation of the receipts at Outler's store they were in a book in the warehouse of the company alleged in the indictment. Some point is made as to failure on the part of the State to prove the value, and the principle ruled in *Wright* v. *State,* 1 *Ga. App.* 158 (57 S. E. 1050), is invoked; but the witness Coley testified positively that the receipts were of the value set out in the indictment. Upon this subject see *Ayers* v. *State,* ante, 305 (59 S. E. 924). The testimony as to the amount received in exchange for the receipts is also sufficient upon this point.

There was no error in overruling the defendant's motion for new trial.                    *Judgment affirmed.*