## 59553. THE STATE v. BRANNON.

SHULMAN, Judge.

Pursuant to Code Ann. § 6-1001a (a), the state appeals the grant of defendant's plea in bar, contending that the trial court improperly determined that the statute of limitation had run on the crime charged against the defendant (the misdemeanor issuance of a bad check) prior to the time the special presentment was filed against defendant. We cannot agree with the state's assertions of error; accordingly, the judgment of the trial court is affirmed.

"A person commits criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the

payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." Code Ann. § 26-1704 (a).

Defendant allegedly delivered a bad check to one J. B. Copeland (d/b/a Quality Marine) on March 26, 1977. If defendant knew at the time he delivered such check that it would not be honored by the drawee, then he would have committed the crime of issuing a bad check. Since, under the facts of this case, the issuance of the bad check would have constituted a misdemeanor, it was incumbent upon the state to file an accusation or obtain a presentment against defendant within two years of the commission of the alleged offense. See Code Ann. §§ 26-502 (d) and 27-601 (4).

However, since the statute of limitation is tolled "so long as the offense or offender is unknown" (Code Ann. § 27-601 (4)), the trial court found in the case at bar that the statute did not begin to run until May of 1977, at which time Copeland, the victim of the alleged crime, knew of the offense and the offender. Based on Copeland's knowledge in May, 1977, the court determined that the special presentment obtained against defendant on September 11, 1979, more than two years after Copeland had knowledge of the offense and the offender, was not timely filed and that the statute of limitation had therefore run on the crime charged.

1. The state argues that the trial court erred in so ruling, in that the statute did not begin to run until after September 13, 1977, ten days after Copeland had sent notice to defendant that payment on his check was refused, which notice brought the offense within the statute.

As stated above, the crime of issuing a bad check occurs at the time the check is issued if it is made or issued with the knowledge that it will not be honored. Contrary to appellant's assertions, notice of the drawee's refusal to pay, followed by ten days for the defendant to pay the check (upon notice of its dishonor), is not an element of the offense of issuing a bad check. The provisions in Code Ann. § 26-1704 (a) relating to notice to the defendant and his subsequent failure to pay the amount due are evidentiary matters and are not prerequisites to the commission of or conviction of the offense of issuing a bad check. See, e.g., *Wiggins v. State,* 139 Ga. App. 98 (1) (227 SE2d 895).

The statute itself clearly states that the failure to pay within ten days of notice is merely indicative of an accused's culpability, prima facie evidence of his knowledge at the time of making the check that it would not be honored. See in this regard *Hall v. State,* 244 Ga. 86 (259 SE2d 41).

2. A. The key to determining when the statute of limitation

begins to run is to find when the offender or offense became known. See *Taylor v. State,* 44 Ga. App. 64 (2(1)) (160 SE 667); and Code Ann. § 27-601 (4). It may be that in certain factual situations the statute would not begin to run on the crime of issuing a bad check until after the defendant fails to pay the amount owing on his bad check after receiving ten days notice of the drawee's refusal to pay, but that would be so only if it was found that it was not until that date that the offense or offender were known. We are not presented with that situation in the case at bar. In the instant case, the trial court found as a fact that Copeland knew of the offense and the person who committed the offense in May of 1977, more than two years prior to the time the special presentment was obtained.

B. Even assuming that Copeland had knowledge of the offense and offender in May of 1977, appellant contends that since the state did not have such knowledge until December 21, 1977, the statute of limitation did not begin to run until that date. *Brown v. State,* 6 Ga. App. 329 (2) (64 SE 1001) and *Taylor v. State,* supra, compel a contrary conclusion.

" ' The statute of limitations does not begin to run in favor of the offender until his offense is known to the prosecutor, or to some one *interested* in the prosecution, or *injured* by the offense.' [*Brown,* supra.] The only possible construction of [*Brown*] is that when the offense *is* known to the person injured by the offense, the statute *does* begin to run . . . This is as it should be, because the injured person has some motive for reporting the crime to the State. Another thing shown by the decision in the *Brown* case is that the prosecutor is not the only one whose knowledge would bind the State. It holds that the statute does not begin to run until the offense is known to the 'prosecutor' *or* to someone 'injured by the offense;' which necessarily means that it does begin to run after it is known to the prosecutor *or* to the one 'injured by the offense.' It seems to be well settled that if a crime against the public involves also a wrong upon an individual . . . in which an individual, who is not a party to the crime suffers, the knowledge of the victim is the knowledge of the State, even though the victim does not represent the State in an official capacity." *Taylor v. State,* supra, pp. 69-70.

Where, as here, it was determined by the trial court in its findings of fact that the victim, Copeland, had knowledge of the offense allegedly committed by the defendant in March of 1977, such knowledge, since it is imputed to the state, precludes the state from obtaining a presentment against the defendant for the crime of issuing a bad check in September of 1979, more than two years after both the offense and the offender were known. See Code Ann. §§ 26-502 (d) and 27-601 (4).

Since prosecution for the offense was thus barred by the statute of limitation, the trial court properly granted defendant's plea in bar and dismissed the indictment against defendant.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED APRIL 8, 1980.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellant.

*Thomas B. Murphy,* for appellee.