60200. RUSSELL v. THE STATE.

DEEN, Chief Judge.

1. "[T]he crime of issuing a bad check occurs at the time the check is issued if it is made or issued with the knowledge that it will not be honored. Contrary to appellant's assertions, notice of the drawee's refusal to pay, followed by ten days for the defendant to pay the check (upon notice of its dishonor), is not an element of the offense of issuing a bad check. The provisions in Code Ann. § 26-1704 (a) relating to notice to the defendant and his subsequent failure to pay the amount due are evidentiary matters and are not prerequisites to the commission of or conviction of the offense of issuing a bad check." *State v. Brannon,* 154 Ga. App. 285, 286 (267 SE2d 888) (1980). The court trying a bad check case without a jury may be convinced by other evidence in the record that, notwithstanding the notice provisions of Code § 26-1704 were not followed so as to make out a prima facie case in this matter, the state sufficiently established

the *mens rea* of the defendant.

2. The standard for granting a judgment notwithstanding the verdict is the same as that for granting a directed verdict. *Horton v. City of Macon,* 144 Ga. App. 380 (241 SE2d 311) (1977). A motion for judgment notwithstanding the verdict is not appropriate in a criminal case and when made in the alternative with a motion for new trial, amounts to no more than the latter. *Deen v. State,* 216 Ga. 387 (116 SE2d 595) (1960). We accordingly treat the second enumeration assigning error on the conviction generally as an equivalent to the general grounds of a motion for new trial.

3. On appeal, the burden is on the appellant to show error. In the record before us there is no brief of evidence, and the trial court certifies that opposing counsel could neither agree on a stipulated statement nor could he, except for those facts included in the final judgment, remember what the evidence was. This procedure complies with Code § 6-805 (g), and shows only that the check in question was given as part of the purchase price of a truck, which was subsequently recovered by the seller, and that the defendant did not have sufficient funds in his account to cover the check dated May 20 on either May 18 or May 23, the latter date showing the account already overdrawn. Thus, no facts stated in the judgment show on their face that it was incorrect, and we have no way of knowing what other evidence was presented. The presumption is that the trial judge faithfully peformed the duties devolving upon him. An appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, be affirmed. *Curry v. State,* 148 Ga. App. 59 (251 SE2d 86) (1978).

4. But it is further contended that the defendant should not be punished for uttering a bad check when the payee recovered the truck, which was the article for which the check was part payment. The offense, however, is completed when the check is delivered, and it is the criminal intent present at that moment which the law proscribes. An analogy might be drawn to larceny cases, where the crime is completed upon asportation with intent to steal, and the question of whether the owner of the property suffered loss or recovered the property or was afforded restitution is irrelevant to the guilt or innocence of the perpetrator. *Currie v. State,* 3 Ga. App. 309 (3) (59 SE 926) (1907).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 4, 1980 —

*S. Phillip Brown,* for appellant.

*Austin J. Kemp, Solicitor,* for appellee.