65018. STALLINGS v. COLEMAN.

SHULMAN, Chief Judge.

Pursuant to a warrant issued at the request of the appellee/merchant, appellant was arrested on a charge of passing a bad check. After several hearings, the criminal charge was dismissed. Appellant then filed this action for malicious prosecution and false imprisonment. Citing Code Ann. § 26-1704 (a) (2) (OCGA § 16-9-20 (h)), the trial court granted appellee's motion for summary judgment.

Code Ann. § 26-1704 (a) (2) (C) provides as follows: "Any party holding a worthless check or instrument and giving notice in substantially similar form to that provided in subparagraph (B) shall be immune from civil liability for the giving of such notice and for proceeding under the forms of such notice." It is undisputed that the merchant sent the appropriate notice to appellant before the criminal proceedings were initiated. However, in an affidavit submitted in opposition to appellee's motion for summary judgment, appellant avers that, upon receipt of notice from his bank, he contacted appellee's agent and informed her that the check received by appellee was one of several which had been stolen from appellant. Nonetheless, a warrant for appellant's arrest issued after he did not respond to the § 26-1704 (a) (2) (B) notice. Through affidavits,

appellant and his attorney swear that, prior to the preliminary hearing on the criminal charge, appellee was again informed that the check was stolen and was presented with copies of police reports and bank correspondence concerning the theft. No counter-affidavits were submitted by appellee. We find the grant of summary judgment to appellee erroneous for two reasons.

1. The notice provided for in Code Ann. § 26-1704 (a) (2) (B) concludes with the following sentence: "Unless this amount is paid in full within the specified time above, the holder of such check or instrument may turn over the dishonored check or instrument and all other available information relating to this incident to the District Attorney or Solicitor for criminal prosecution." In order for the immunity provided in subsection (C) to attach, it must appear that the notice was sent and that the holder of the check proceeded "under the forms of such notice." It is clear from the record that appellee did send the correct notice. However, it does not appear that appellee then proceeded under the form of the notice. Appellant swore that he gave to appellee's agent information which pertained to the bad check. That assertion is unchallenged in the record by appellee. There is no showing in the record that appellee informed the authorities of the information given to his agent by appellant. Therefore, it cannot be said that appellee has borne his burden as movant to demonstrate his entitlement to the immunity granted in § 26-1704: appellee did not show that he gave all available information to the police.

2. Even if appellee had borne his burden of showing that he proceeded under the forms of the notice, the immunity to which he would have been entitled would have covered only the activities mentioned in the notice, i.e., giving the notice and turning over the check and information concerning it to the authorities. In the present case, appellant alleged that appellee had knowledge of matters showing appellant's innocence prior to the preliminary hearing in the criminal prosecution but after having sworn out the complaint which led to the warrant for appellant's arrest. Therefore, there remains an issue ". . . as to whether the defendant acted maliciously in failing to request that the prosecution be terminated after learning what had actually happened." *Voliton v. Piggly Wiggly,* 161 Ga. App. 813, 815 (288 SE2d 924).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1983.

*Sonja L. Salo,* for appellant.

*Daniel A. Coleman,* for appellee.