71523. PARISH v. THE STATE.
(342 SE2d 360)

SOGNIER, Judge.

Appellant was convicted in a bench trial of making, uttering, and delivering a check in exchange for merchandise, a present consideration, knowing that the check would not be honored by the drawee, and he appeals.

1. Appellant contends he cannot be held criminally liable for the check in question because it was issued by a corporation on the corporate account, rather than by appellant as an individual. Appellant and his wife were the only stockholders in a corporation appellant purchased known as "Jimmy's Guns, Bait & Tackle, Inc." Appellant was the president of the corporation, ran the business and was the only

person authorized to sign checks drawn on the corporation's account. On February 2, 1983 he signed and issued a check drawn on the corporation account in payment for merchandise purchased from Greenwood Specialty Company (Greenwood). Greenwood deposited the check in its bank on two occasions and each time the check was returned because of insufficient funds.

Appellant's argument that he cannot be held criminally liable as an individual is without merit. An officer of a corporation cannot assert that criminal acts, in the form of corporate acts, were not his acts merely because carried out by him through the instrumentality of the corporation which he controlled and dominated in all respects and which he employed for that purpose. *Williams v. State*, 158 Ga. App. 384, 387 (3) (280 SE2d 365) (1981).

2. Appellant contends his conviction should be reversed because the actions of Greenwood violated his right to due process of law by placing appellant in a position of having to choose between violating state law or federal law.

Appellant's corporation filed for bankruptcy on February 28, 1984 and the criminal warrant against appellant was taken in the instant case on March 21, 1984. Appellant was indicted by the grand jury of Whitfield County on April 2, 1984 and Greenwood was first notified of the bankruptcy and listed as an unsecured creditor on May 17, 1984. On June 11, 1984 the attorney for the corporation filed a notice of bankruptcy in Whitfield County Superior Court. Appellant argues that because no notice was given to the corporation that the check had been dishonored, and appellant himself received no notice of the dishonored check until after the corporation filed for bankruptcy and a stay was in effect, he was prohibited by federal law from paying the indebtedness owed by the corporation to Greenwood. Appellant argues that under these circumstances, if the corporation paid the check it would be in violation of federal law, and if the corporation did not pay the check, appellant would be prosecuted as an individual for a violation of state law. Appellant contends this "obviously" violates constitutional notions of due process. We do not agree.

"The provisions in [OCGA § 16-9-20 (a) (2) (A)] relating to notice to the defendant and his subsequent failure to pay the amount due are evidentiary matters and are not prerequisites to the commission of or conviction of the offense of issuing a bad check." *State v. Brannon*, 154 Ga. App. 285, 286 (1) (267 SE2d 888) (1980); *Russell v. State*, 155 Ga. App. 555 (1) (271 SE2d 689) (1980). Further, the automatic stay provision of the Bankruptcy Act, 11 USC § 362 (b) provides: "The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay — (1) under subsection (a) of this section, of the commencement or continuation of a criminal action against the debtor." See also *Matter of Davis*, 691 F2d 176 (3d Cir.

1982), wherein the court held the Bankruptcy Court did not err by refusing to enjoin the State of Delaware from proceeding in a criminal action against Miller on a bad check charge.

3. Appellant contends his conviction cannot be sustained because the evidence showed that there had been a settlement of the subject check between the prosecutor (Greenwood) and appellant prior to the time the criminal warrant was issued in this case.

The check in question was issued on February 2, 1983 for merchandise from Greenwood delivered to appellant C.O.D. on that date. As stated in Division 1 the check was deposited twice by Greenwood and returned on both occasions because of insufficient funds. Appellant contends that during the period from February 2, 1983 until the end of November 1983 the corporation made at least eight payments to Greenwood against its indebtedness. Thus, appellant argues there was a settlement of the indebtedness resulting from the bad check prior to issuance of the criminal warrant on March 21, 1984.

Whether or not appellant made payments to Greenwood subsequent to issuance of the bad check is immaterial. The offense was completed when the check was delivered, and it is the criminal intent present at that moment which the law proscribes. *Russell,* supra at 556. As is the case in a charge of larceny, the question of whether the owner of the property suffered loss or recovered the property or was afforded restitution is irrelevant to the guilt or innocence of the perpetrator. Id.

4. Appellant contends the trial court erred by finding him guilty because Greenwood agreed to hold appellant's check, and thus, the check was not given in exchange for present consideration. Appellant testified that when he ordered the merchandise for which the check was given he told the salesman he needed the merchandise but did not have the money to pay for it, and the salesman told appellant to go ahead and order it and when the merchandise arrived to call Greenwood. Appellant also testified that he informed Greenwood's credit manager that he did not have the money to pay for the merchandise, and the credit manager stated they (Greenwood) might be able to help appellant. The credit manager testified that to his knowledge he had never talked to appellant. Where a trial judge hears a case without a jury the credibility of the witnesses is for his determination. *G. W. P. v. State of Ga.,* 172 Ga. App. 318, 319 (2) (323 SE2d 1) (1984). We find the evidence sufficient to support the conviction, as it meets the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 10, 1986 —

*Rickie L. Brown,* for appellant.
*Jacques O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney,* for appellee.