72734. WILSON v. HOME DEPOT, INC.
(348 SE2d 588)

CARLEY, Judge.

Plaintiff-appellant purchased merchandise from defendant-appellee's retail store, giving her personal check in payment. The check was returned for insufficient funds, and appellee subsequently instituted criminal proceedings against appellant for violating OCGA § 16-9-20. The resulting prosecution was nol prossed. Thereafter, appellant commenced the instant civil action against appellee, alleging malicious arrest, false imprisonment, and malicious prosecution. After discovery, appellee filed a motion for summary judgment. The trial court granted appellee's motion. Appellant appeals from the trial court's order granting summary judgment in favor of appellee.

1. OCGA § 16-9-20 (a) provides in relevant part: "A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." It is undisputed that, in exchange for present consideration, appellant actually drew and delivered to appellee a check which was dishonored for insufficient funds. Compare *Stallings v. Coleman*, 165 Ga. App. 667 (302 SE2d 412) (1983). It is undisputed that appellee sent appellant timely written notice substantially in the form pro-

vided in OCGA § 16-9-20 (a) (2) (B). Compare *Voliton v. Piggly Wiggly*, 161 Ga. App. 813 (288 SE2d 924) (1982). The evidence further shows, without contradiction, that appellant did not comply with that notice either as to time or amount. "[A] person can be found guilty of issuing a bad check knowing it will not be honored if payment on the check is refused by the drawee upon presentation within 30 days and the maker fails to make the check good (plus service charge) within 10 days after notice of the drawee's dishonor." *Hall v. State*, 244 Ga. 86, 87 (259 SE2d 41) (1979). Moreover, OCGA § 16-9-20 (h) provides in relevant part: "Any party holding a worthless check or instrument and giving notice in substantially similar form to that provided in subparagraph (a) (2) (B) of this Code section shall be immune from civil liability for the giving of such notice and for proceeding as required under the forms of such notice. . . ."

Notwithstanding this uncontroverted evidence, appellant contends that genuine issues of material fact remain as to appellee's probable cause and malice in initiating and continuing the prosecution. In this regard, she invokes the holding in *Stallings v. Coleman*, supra, and asserts that there is evidence that, both before and after swearing out the warrant for her arrest, appellee had agreed to and did subsequently accept restitution for the check at a later time and in a lesser amount than that specified in the statutory notice. However, entirely unlike the circumstances in *Stallings*, supra, the evidence relied upon by appellant in the instant case does not relate to her possible lack of criminal liability for issuing a bad check. As opposed to the subsequent failure to make restitution, evidence of subsequent restitution, standing alone, has no real relevancy to criminal liability under OCGA § 16-9-20. "The offense . . . is completed when the check is delivered, and it is the criminal intent present at that moment which the law proscribes." *Russell v. State*, 155 Ga. App. 555, 556 (4) (271 SE2d 689) (1980). Thus, under the statutory scheme, it is the subsequent *failure* to make timely restitution after written notice of dishonor that authorizes the evidentiary inference "that the maker knew [at the time of delivery] that payment would not be made [upon presentment to the drawee]." *Hall v. State*, supra at 88. See also *State v. Brannon*, 154 Ga. App. 285, 286 (1) (267 SE2d 888) (1980). Whether the payee was ever *actually* "afforded restitution is irrelevant to the guilt or innocence of the perpetrator. [Cit.]" *Russell v. State*, supra at 556 (4). The drawer of a bad check may subsequently agree to and actually make restitution and still have had, at the time he issued the check, the requisite criminal intent. Thus, even under appellant's own version of the events, there were no facts or circumstances which in any way could be construed as being exculpatory with regard to her admitted *prior* act of issuing a bad check. Compare *Stallings v. Coleman*, supra. "[R]epayment of the victim

. . . will [not] constitute a bar to conviction of the offender. [Cits.]" *Pratt v. State*, 167 Ga. App. 819, 820 (307 SE2d 714) (1983).

Under the evidence, the pleadings were pierced as to appellee's alleged lack of probable cause and appellant did not meet her burden of showing that a genuine issue of material fact remained as to her malicious prosecution claim. " 'In a suit for malicious prosecution the gravamen of the action is the want of probable cause on the part of the person instituting the prosecution. [Cit.] And whether the plaintiff was guilty or innocent of the charge for which he was prosecuted is not material. [Cit.]. . . . [Cit.]' [Cit.] ' "The probable cause referred to has been defined to be, 'the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.' " [Cit.] Ordinarily, the existence of probable cause is a question for the jury, but where the material facts are not in dispute, the question becomes one of law for the court. [Cits.]' [Cit.] Where it is clear from the evidence that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded. [Cits.]" *Morgan v. Mize*, 118 Ga. App. 534-535 (2a, b) (164 SE2d 565) (1968).

2. It was not error to grant summary judgment as to appellant's false imprisonment and malicious arrest claims. See generally *Perry v. Brooks*, 175 Ga. App. 77-78 (2, 3) (332 SE2d 375) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*Thomas E. Fortenberry*, for appellant.
*Edward D. Buckley III*, for appellee.