73339. COMMERCIAL PLASTICS & SUPPLY CORPORATION OF GEORGIA et al. v. MOLEN.
(355 SE2d 86)

BEASLEY, Judge.

For use in his business, Molen ordered 500 pieces of a foam-like material from Commercial Plastics and issued a check to the company for $3,320.63. The company was able to deliver only part of the order and held the check until the balance arrived. The transaction disintegrated, and in this suit which ultimately materialized, Commercial Plastics contends that it was entitled to summary judgment.

Molen stated that at the time the order was placed Commercial Plastics' employee Caine agreed to hold the check until Molen's company was paid for the job for which the ordered material was to be used. Molen further stated that at the time he gave Commercial Plastics the check, he told Caine there were insufficient funds to cover it; that on the day of delivery of the supplies, only 350 pieces were available so he took delivery of the lesser amount; that Caine thereafter asked if the check could be deposited and that he again explained that his own company had not yet been paid so the check should not be deposited because it was for an incorrect amount, and that Caine agreed not to deposit the check.

Commercial Plastics maintained that when it received the additional materials Molen was so advised, but that after numerous calls he failed to pick them up so the company deposited the check. It was returned for insufficient funds. Attempts were made to contact Molen, and a certified letter, return receipt requested, was sent stating that if payment was not received in ten days an arrest warrant would be obtained. The letter was sent to the address imprinted on

the check and numerous deliveries were attempted unsuccessfully.

Caine swore out a warrant for Molen's arrest and a preliminary hearing was held at which Molen claims the company's employee Pruitt swore falsely under oath that there was no agreement to hold the check until Molen received payment. Molen was bound over and required to post bond. Agreement was reached and executed for Molen to pay the check and the company to request that the criminal charge be dropped. Molen then filed suit against Commercial Plastics and employees Pruitt and Caine, claiming breach of the alleged agreement to hold the check, false swearing by employee Pruitt, and malicious prosecution.

Defendants moved for summary judgment which was denied. The court concluded that defendants' affidavits had failed to pierce plaintiff's allegation of an agreement to hold the check, that the complaint was not separated into counts setting forth the three causes of action, and that defendants' motion was for total rather than partial summary judgment and there remained a question of fact as to some claims. We granted defendants' application for interlocutory review.

1. Appellants contend that the trial court erred in not granting summary judgment on malicious prosecution (OCGA § 51-7-40) because termination of the criminal action as a result of compromise, i.e., their agreement to ask that the criminal charge be dropped in exchange for payment, cannot be considered as a termination in Molen's favor for the purpose of grounds for such a suit. Molen counters that prosecution of the criminal action did not terminate as a result of the prosecuting party withdrawing a warrant or by compromise of the parties but rather by action of the district attorney's office in dismissing the charge.

"The elements of malicious prosecution include: (1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; (3) termination of the prosecution in favor of the plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff. OCGA § 51-7-40; [cits.]" *Medoc Corp. v. Keel*, 166 Ga. App. 615 (1) (305 SE2d 134) (1983). With respect to the third ingredient, "where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution cannot be maintained. [Cits.]" *Waters v. Winn*, 142 Ga. 138, 140 (2) (82 SE 537) (1914).

The record shows conclusively that the parties agreed that defendants would request the office of the district attorney to dismiss any criminal charges against Molen relating to the bad check and would cooperate with the district attorney in any way in order to cease prosecution of the case against Molen in exchange for Molen's payment of an agreed amount owed; that Molen paid Commercial Plastics $1,200 and executed a promissory note to the company for

the balance and shortly thereafter paid it with interest; and that the criminal case was dismissed. The fact that the dismissal was effected by the state does not alter the crucial fact that the impetus was the agreement and compromise of the parties. The key is found in a quotation in *Waters*, supra at 141: " 'If he [the plaintiff] settled the demand understandingly and voluntarily, he is estopped from denying that the defendant had probable cause for bringing the suit.' " Defendants were entitled to summary judgment as to Molen's claim of malicious prosecution on this basis.

2. Appellants additionally argue that under OCGA § 16-9-20 (h), any holder of a worthless check or instrument who gives notice substantially as provided in subparagraph (a) (2) (B), which was done, is immune from civil liability for giving such notice and proceeding. Molen's failure to pick up the letter does not affect their immunity, they contend.

Molen maintains that Commercial Plastics cannot claim immunity because through its agents it knew facts which destroyed the criminal charge, i.e.: from the beginning he told the company the check would not be good until he himself was paid; the check was drawn for an incorrect amount; and the company had specifically agreed to hold the check until he had been paid.

"In order for the immunity provided in subsection (C) to attach, it must appear that the notice was sent and that the holder of the check proceeded 'under the forms of such notice.' " *Stallings v. Coleman*, 165 Ga. App. 667, 668 (1) (302 SE2d 412) (1983). The record shows that correct notice was sent to Molen. The question then becomes whether or not defendants proceeded " 'under the forms of such notice.' " Id.

Defendants flatly deny that there was any agreement with Molen to hold the check. But this and Molen's version are irrelevant because no evidence of the agreement to hold the check would be admissible. "In any civil action for damages which may be brought by the person who made, drew, uttered, or delivered such instrument, no evidence of statements or representations as to the status of the check, draft, order, or deposit involved or of any collateral agreement with reference to the check, draft, order, or deposit shall be admissible unless such statements, representations, or collateral agreement shall be written upon the instrument at the time it is delivered by the maker thereof." OCGA § 16-9-20 (h). There was no alleged agreement on the check. There is no dispute that appellants gave all relevant information to the authorities. Therefore, unlike the circumstances in *Stallings*, defendants showed that they proceeded under the forms of the notice and are therefore entitled to the immunity for the activities mentioned in the notice.

3. Appellants further contend that they were entitled to sum-

mary judgment on the claim of breach of the alleged agreement to hold Molen's check. We agree inasmuch as no evidence of the asserted agreement would be admissible. OCGA § 16-9-20 (h); see Division 2, supra.

4. Lastly, appellants maintain that the trial court erred in denying their motion for summary judgment on the claim of "false swearing" by employee Pruitt.

We agree that appellants were also entitled to summary judgment on the final claim, that of "false swearing" by employee Pruitt. Had the preliminary hearing in question not been a judicial proceeding, there may have been potential criminal liability for false swearing under OCGA § 16-10-71 or, since it was a judicial proceeding, potential criminal liability for perjury under OCGA § 16-10-70. However, Molen provides no authority for such a civil cause of action.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 6, 1987 —
REHEARING DENIED MARCH 18, 1987.

*H. Andrew Owen, Jr., Perry A. Phillips*, for appellants.
*Russell D. Waldon*, for appellee.