A91A1804. WILLIAMS v. TAYLOR.
(415 SE2d 498)

McMURRAY, Presiding Judge.

Plaintiff Williams filed this malicious prosecution action against defendant Taylor. Plaintiff alleges that he paid for a purchase with his personal check, that the check was dishonored for want of sufficient funds, that defendant gave notice as required by law to plaintiff that his check had not been paid, and that upon receipt of notice from defendant, plaintiff went immediately to defendant's place of business, where he redeemed his check for cash and paid the regular returned check fee. The complaint also states that notwithstanding the plaintiff's making good the returned check, defendant deposed a warrant for plaintiff resulting in his arrest and incarceration, and necessitating his making bond, expending money defending a false charge, and attending a hearing on said charge which was nolle prossed after a determination that there was insufficient evidence for prosecution. Defendant's answer denied that plaintiff had made good

the returned check.

Defendant moved for summary judgment, pursuant to OCGA § 9-11-56 (b), predicated on affidavits which show that plaintiff did not redeem the returned check and that the check had been lost after defendant gave it to a clerk in the Magistrate's office. Plaintiff responded with his affidavit stating that he did redeem the check, making payment and receiving possession of the check. There is no indication that either party currently has possession of the check.

Defendant also argued in support of his motion for summary judgment that plaintiff's action was premature since six months had not passed since the prosecution of plaintiff had been nolle prossed. The nolle prosequi was entered on October 16, 1989, and plaintiff's complaint was filed on January 8, 1990.

The state court granted defendant's motion for summary judgment. Plaintiff appeals. *Held*:

"Among the essential elements of a claim for malicious prosecution are (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff. See *Ellis v. Knowles*, 90 Ga. App. 40, 42 (1) (81 SE2d 884) (1954); *Wilson v. Bonner*, 166 Ga. App. 9 (1) (303 SE2d 134) (1983). See generally OCGA §§ 51-7-40; 51-7-41." *J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 66 (2) (354 SE2d 682).

In view of the conflicting evidence, genuine issues of material fact remain concerning defendant's probable cause and malice in instigating the prosecution. Whether a timely redemption of the check occurred is a primary issue remaining unresolved. Another issue is whether the immunity provided under OCGA § 16-9-20 (h) is applicable. See generally *Wilson v. Home Depot*, 180 Ga. App. 218 (348 SE2d 588) and *Stallings v. Coleman*, 165 Ga. App. 667 (302 SE2d 412).

"An action for malicious prosecution instituted within six months from the entry of nolle prosequi of a criminal prosecution, upon which the action was predicated, is premature and dismissal [is] proper." *Earlywine v. Strickland*, 145 Ga. App. 626 (244 SE2d 118). "The trial court's order, however, purports to be not only a dismissal but also a grant of summary judgment to the defendant. To the extent that the order is a grant of summary judgment, it is clearly unauthorized, since the defense that the prosecution has not terminated is one in abatement. In other words, the prosecution may yet terminate in the plaintiff's favor, and he may yet have a cause of action. 'A motion for summary judgment is designed to test the merits of a claim and cannot be granted on matters in abatement. (Cits.) Such matters are properly disposed of pursuant to motion to dismiss. See [OCGA §§ 9-11-12 and 9-11-43 (b)].' *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales, Inc.*, 149 Ga. App. 354, 357 (254 SE2d 426)

(1979). The trial court's judgment with respect to the malicious prosecution count is accordingly reversed with direction that a new order be entered dismissing the claim 'without prejudice.' See generally 6 Moore's Federal Practice p. 56-56, ¶ 56.03." *Primas v. Saulsberry*, 152 Ga. App. 88 (2) (262 SE2d 251).

The dissent's reliance upon the factually distinguishable case of *Wilson v. Home Depot*, 180 Ga. App. 218, supra, is misplaced. OCGA § 16-9-20 (a) provides in relevant part: "A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, *knowing* that it will not be honored by the drawee." (Emphasis supplied.) In order to commit the crime, one must have the requisite criminal intent at the time the check is issued. While plaintiff concedes that he issued a check that was dishonored due to insufficient funds, he denies any criminal intent.

The only evidence of criminal intent on the part of plaintiff is that alluded to earlier in this opinion and upon which defendant's motion for summary judgment was predicated, that is, certain affidavits which show that plaintiff did not redeem the check. Under the statutory scheme, a failure to make timely restitution after written notice of dishonor authorizes an evidentiary inference that the maker knew at the time of delivery that payment would not be made upon presentment to the drawee. *Wilson v. Home Depot*, 180 Ga. App. 218, 219, supra.

In *Wilson v. Home Depot*, 180 Ga. App. 218, supra, the uncontradicted evidence was that the issuer of the check did not redeem it within the allotted time following the statutory notice or for its full amount, thereby permitting an inference of criminal intent. The holding of *Wilson* was that a tardy redemption of the check for a lesser amount did not provide any exculpatory evidence which would rebut or contradict the evidentiary inference of criminal intent created by the failure to timely redeem in full.

The case sub judice is unlike *Wilson v. Home Depot*, 180 Ga. App. 218, supra, in that it is not concerned with an attempt to rebut or controvert an inference of criminal intent established by uncontroverted evidence of a failure to redeem in full within the allotted time following statutory notice of dishonor. Instead, the issue in this case is whether there is evidence authorizing such an inference of criminal intent in the first place. The affidavits submitted by defendant and stating that plaintiff did *not* redeem the check, if uncontradicted, would authorize an inference that plaintiff issued the check with criminal intent. However, defendant's evidence is contradicted by plaintiff's affidavit stating that he did redeem the check.

Plaintiff's affidavit may not be construed as being exculpatory

since the drawer of a bad check may subsequently agree to and actually make restitution and still have had, at the time he issued the check, the requisite criminal intent. See *Wilson,* supra at 219. Nonetheless, plaintiff's affidavit, while lacking exculpatory value, is still probative evidence which serves to controvert defendant's evidence on the issue of criminal intent. Accordingly, defendant's evidence fails to negate the lack of probable cause element of plaintiff's claim. A genuine issue of material fact remains as to whether the check was redeemed, and if so, whether the redemption was timely and for full value.

*Judgment reversed with direction. Sognier, C. J., Carley, P. J., Pope, Beasley, Cooper, JJ., and Judge Arnold Shulman concur. Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent because the trial court's grant of summary judgment was proper regardless of whether the bad check prosecution action terminates in Williams' favor, since Williams could not maintain a malicious prosecution action as a matter of law. Williams concedes that he issued a bad check[1] and thus regardless of whether there was subsequent restitution, no genuine issue of material fact remains in this case regarding probable cause.

"The crime of issuing a bad check occurs at the time the check is issued if it is made or issued with the knowledge that it will not be honored. Contrary to appellant's assertions, notice of the drawee's refusal to pay, followed by ten days for the defendant to pay the check (upon notice of its dishonor), is not an element of the offense of issuing a bad check." (Punctuation omitted.) *Russell v. State,* 155 Ga. App. 555 (1) (271 SE2d 689) (1980). In *Wilson v. Home Depot,* supra, the court stated: "[a]s opposed to the subsequent failure to make restitution, evidence of subsequent restitution, standing alone, has no real relevancy to criminal liability under OCGA § 16-9-20. The offense is completed when the check is delivered, and it is the criminal intent present at that moment which the law proscribes. Thus, under the statutory scheme, it is the subsequent failure to make timely restitution after written notice of dishonor that authorizes the evidentiary inference that the maker knew at the time of delivery that payment would not be made upon presentment to the drawee. Whether the payee was ever actually afforded restitution is irrelevant to the guilt or innocence of the perpetrator. The drawer of a bad check may

---

[1] I do not suggest by this statement that Williams admitted committing the crime, but only that he admitted that he drew and delivered a check which was dishonored for insufficient funds. See *Wilson v. Home Depot,* 180 Ga. App. 218 (348 SE2d 588) (1986); compare *Stallings v. Coleman,* 165 Ga. App. 667 (302 SE2d 412) (1983).

subsequently agree to and actually make restitution and still have had, at the time he issued the check, the requisite criminal intent. Thus, even under appellant's own version of the events, there were no facts or circumstances which in any way could be construed as being exculpatory with regard to [his] admitted prior act of issuing a bad check. Repayment of the victim will not constitute a bar to conviction of the offender." (Citations and punctuation omitted.) Id. at 219; see also *Parish v. State*, 178 Ga. App. 177 (342 SE2d 360) (1986).

In contrast to the majority's interpretation of *Wilson*, I believe that the holding of that case was that subsequent restitution has no bearing upon the determination of probable cause in a malicious prosecution claim. Accordingly, I do not believe that the plaintiff's affidavit stating that he redeemed the check created a material issue of fact regarding probable cause. "The probable cause referred to has been defined to be, the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." (Punctuation omitted.) *Wilson*, supra at 220.

Therefore, "[u]nder the evidence, the pleadings were pierced as to appellee's alleged lack of probable cause and appellant did not meet [his] burden of showing that a genuine issue of material fact remained as to [his] malicious prosecution claim." *Wilson*, supra at 220. Accordingly, the trial court's decision to grant summary judgment regarding the malicious prosecution claim was correct.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED FEBRUARY 7, 1992.

*Murray, Donovan & Nabors, Donald R. Donovan*, for appellant. *Steven C. Adams, William T. Cox, Jr.*, for appellee.