## A97A2142. KOLODKIN v. COHEN.
### (496 SE2d 515)

JOHNSON, Judge.

Alan Kolodkin filed this action against Stuart Cohen and Amalgamated T-Shirts, Inc. ("Amalgamated") to, among other things, recover rent due for the month of November 1995 and damages for writing a bad check. The trial court granted Kolodkin's motion for summary judgment as to Amalgamated, but denied his motion for summary judgment as to Cohen. Kolodkin filed an application for interlocutory appeal regarding the trial court's order as to Cohen, and we granted the application. For reasons which follow, we reverse the trial court's order denying Kolodkin's motion for summary judgment against Cohen.

Summary judgment is appropriate only when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that

---

light, the record shows the following: Kolodkin and Amalgamated entered into a lease agreement dated August 8, 1994, involving real property. The parties amended the lease by an addendum on August 18, 1994. Cohen executed the lease and addendum as president of Amalgamated.

The addendum provided that the monthly rental from November 1, 1995 to December 31, 1996 was $2,200 per month. The lease provided that rental was to be paid on the first day of each month in advance and that any rent payment not paid within ten days after the due date subjected Amalgamated to a late charge equal to ten percent of the overdue amount. On November 27, 1995, Kolodkin received a check for the November 1995 rent in the amount of $2,420. The check was executed by Cohen. Kolodkin deposited the check, but it was returned to him for insufficient funds in Amalgamated's bank account.

Cohen was president, sole stockholder and director of Amalgamated. Wachovia Bank, where Amalgamated had its checking account, forwarded monthly checking account statements to Amalgamated for the months of October, November and December 1995. The October 1995 bank statement showed that Amalgamated's account had a closing balance of $690.58. Cohen testified that Amalgamated closed its business in October 1995 and did not receive any more payments from its customers thereafter. There were no deposits in Amalgamated's bank account during November or December 1995. Cohen admitted receiving letters from Kolodkin's attorney regarding the check that was returned for insufficient funds.

There is no question that Amalgamated did not have sufficient funds in its bank account to honor the check executed by Cohen and tendered to Kolodkin in November 1995. Nor is there any dispute that Amalgamated did not pay the November 1995 rent to Kolodkin. Giving Cohen the benefit of every doubt, the question presented is whether Cohen may be held personally liable to Kolodkin even assuming that Cohen signed the check in a representative capacity and even assuming that he did not know that there were insufficient funds to cover the check.

In this regard, OCGA § 13-6-15 (a) provides as follows: "Notwithstanding any criminal sanctions which may apply, any person who makes, utters, draws, or delivers any check, draft, or order upon any bank, depository, person, firm, or corporation for the payment of money, which drawee refuses to honor the instrument for lack of funds or credit in the account from which to pay the instrument or because the maker has no account with the drawee, and who fails to pay the same amount in cash to the payee named in the instrument within ten days after a written demand therefor, as provided in subsection (c) of this Code section, has been delivered to the maker by

certified mail shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of double the amount so owing, but in no case more than $500.00, and any court costs incurred by the payee in taking the action." Although this Code section has yet to be interpreted in Georgia, the statute appears to create a limited exception to the general corporate principle that an individual who signs in a representative capacity is not personally liable. See OCGA § 11-3-403. The statute implicitly recognizes that an individual who is authorized to sign a check, whether out of his own account or out of a corporate account, has the opportunity to check the account and ensure that the account contains sufficient funds before signing the check.

While the term "any person" is not defined in the statute and its commonly understood meaning could include either an individual or a corporation, as well as a person signing on behalf of the corporation, had the General Assembly intended to limit liability of persons signing in a representative capacity, it could have so stated. See OCGA § 11-3-404, which pertains to all persons purporting to act as or on behalf of a corporation without authority to do so, and OCGA § 11-3-403, limiting liability of an authorized representative who signs his or her own name to an instrument. The statute does not contain language limiting liability for a maker acting in a representative capacity. Furthermore, it also appears from the statute that whether the maker knew there were insufficient funds to cover the check at the time it was written is irrelevant. The maker is given notice and an opportunity to pay the amount represented by the check.

This interpretation is bolstered by our prior opinions in criminal cases involving deposit account fraud. Pursuant to OCGA § 16-9-20 (a), "[a] person commits the offense of deposit account fraud when such person makes, draws, utters, executes, or delivers an instrument for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." We have previously upheld convictions under this statute for individuals signing in a representative capacity. See *Ledford v. State*, 184 Ga. App. 556 (362 SE2d 133) (1987) (defendant, acting on behalf of company, signed a check issued on a company account, which was returned due to insufficient funds); *Parish v. State*, 178 Ga. App. 177 (1) (342 SE2d 360) (1986) (president of corporation signed and issued a check drawn on the corporate account, which was returned due to insufficient funds). It is clear that in limited circumstances, a person signing a check in a representative capacity can be personally liable, both in criminal and civil cases, notwithstanding the general corporate principle that a person

who signs in a representative capacity usually is not personally liable.

Contrary to Cohen's argument, this interpretation does not constitute a piercing of the corporate veil. Rather, it is merely an acknowledgment that only a person can draft a check and that the drafter is personally responsible for assuring that the account upon which the check is drawn contains sufficient funds. This statute places the burden on the maker of a check to ensure that sufficient funds are in the account before signing the check or to make the check good after notice to him that the check was returned for insufficient funds, thereby protecting innocent third parties who do not have access to an individual's or a corporation's accounts. If Cohen had drafted no check at all, then Kolodkin's only recourse would have been against the corporate debtor and not Cohen personally. However, Cohen's affirmative act in making a check which the corporation's bank account was without sufficient funds to cover renders Cohen personally liable for the face value of the check plus other damages authorized under OCGA § 13-6-15.

We thus conclude that the trial court erred in failing to find Cohen individually liable under OCGA § 13-6-15 and in denying Kolodkin's motion for summary judgment against Cohen. Based on this holding, we need not address Kolodkin's remaining enumerations of error.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 29, 1998.

*Gershon, Olim, Katz & Loeb, Max Olim*, for appellant.
*Dearing & Klauber, Scott M. Klauber, Deborah F. Weiss*, for appellee.