### A99A1037. PETERSON v. HOLTRACHEM, INC.
(521 SE2d 648)

ELDRIDGE, Judge.

Maryellen Peterson, defendant-appellant, challenges the trial court's grant of summary judgment to plaintiff-appellee Holtrachem, Inc. Because we find that the trial court erred as a matter of law, we reverse the grant of summary judgment to Holtrachem. We also remand the case to the trial court with direction to grant summary judgment in favor of Peterson.

The facts of this case are not in dispute. In 1997, Peterson was a part-time employee of Textiles Specialties & Chemicals d/b/a CS Industries ("CS Industries"). On April 17, 1997, Peterson signed a check in the amount of $13,769.80 on the account of CS Industries, made payable to Holtrachem. However, Peterson signed only her name on the check and did not note that she was signing in her representative capacity on behalf of CS Industries. The drawee bank returned the check to Holtrachem due to insufficient funds. Pursuant to OCGA § 13-6-15, Holtrachem sent a certified letter on March 9, 1998, to Peterson demanding payment for the check, plus a service charge. Peterson received the letter and responded thereto, but did not comply with Holtrachem's demand.

On April 27, 1998, Holtrachem filed suit against Peterson in the State Court of Gwinnett County. Peterson responded and admitted the above facts, but denied that she was liable in her personal capacity.

Holtrachem filed a motion for summary judgment on July 29, 1998. Peterson responded and filed her own motion for summary judgment on August 27, 1998. No hearing was conducted. On November 30, 1998, the trial court granted Holtrachem's motion for summary judgment. Peterson filed a timely appeal. *Held*:

In her sole enumeration of error, Peterson contends that the trial court erred as a matter of law in finding that she was personally liable on the check and in granting Holtrachem's motion for summary judgment upon such finding. We agree.

In granting summary judgment to Holtrachem, the trial court applied this Court's ruling in *Kolodkin v. Cohen*, 230 Ga. App. 384 (496 SE2d 515) (1998). In *Kolodkin*, this Court considered whether an individual was personally liable for a check he signed in 1995 and which was drawn on a business account. In finding that the individual was liable, this Court construed OCGA § 13-6-15 in pari materia with OCGA § 11-3-403 *as it then existed.*

Prior to July 1, 1996, OCGA § 11-3-403 provided that an individual who signed his or her own name to a negotiable instrument was personally obligated on the instrument if it did not include either (1) the name of the person or entity represented or (2) the representative capacity of the signing individual. OCGA § 11-3-403 (2) (a), (b). Further, OCGA § 13-6-15 delineated the damages for which a "person" was liable in a civil suit once it is established that they wrote a bad check. Since the term "person" as used in that statute had not been construed, this Court found that the statute created a "limited exception to the general corporate principle that an individual who signs in a representative capacity is not personally liable[,]" and relied upon OCGA § 11-3-403 as support for such finding. *Kolodkin*, supra at 386. Accordingly, the individual in *Kolodkin* was determined to be a "person" who was personally liable for the bad checks and who could be assessed damages under OCGA § 13-6-15.[1]

However, the holding of *Kolodkin* is inapplicable here, since the check in this case was written and signed in 1997, a year after the General Assembly revised Georgia's Uniform Commercial Code. In so doing, the legislature specifically changed the statutory provisions regarding who shall be liable on an instrument negotiated by a business. See Ga. L. 1996, pp. 1306, 1364, § 1; see also Legislative

---

[1] It is unclear from the facts as presented in *Kolodkin* whether the check, as written, was missing the represented company's name, the representative capacity of the individual who signed the check, or both.

Review, 13 Ga. State Univ. Law Rev. 41, 48 (1996). The relevant amended provision states as follows:

> If a representative signs the name of the representative as drawer of a check without any indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.

OCGA § 11-3-402 (c).[2] Therefore, as written, the revised statute has the *exact opposite* effect of the previous statute in that it *codifies* the rule that an authorized representative is *not* personally liable when he or she signs a negotiable instrument on behalf of the represented entity, even if the instrument does not indicate on its face that it is being signed in a representative capacity. Id.

Since establishing such liability is a threshold issue which must be resolved before a trial court can determine what damages, if any, are available under OCGA § 13-6-15, if it is established that a defendant is not obligated on a bad check, the issue of damages thereon is moot. As such, OCGA § 13-6-15 has no effect on the result of this case.[3]

Accordingly, applying OCGA § 11-3-402 (c) to the facts of this case, Peterson cannot be held personally liable since the check was imprinted with the name of the represented business. Peterson was entitled to summary judgment in her favor.

*Judgment reversed and remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 12, 1999 —
RECONSIDERATION DENIED SEPTEMBER 8, 1999

*Leonard S. Goldstein*, for appellant.
*McGee & Oxford, James J. Brissette*, for appellee.

---

[2] Subsequent to the 1996 revision, OCGA § 11-3-403 now addresses the issue of unauthorized signatures, an issue not present in this case.

[3] Even if it had been a consideration in this case, OCGA § 13-6-15 still should be construed in pari materia with OCGA § 11-3-402 (c), as amended.