## A00A1466, A00A1467. HELMER et al. v. RUMARSON TECHNOLOGIES, INC. (two cases).

### (538 SE2d 504)

BLACKBURN, Presiding Judge.

Robert E. Helmer a/k/a Bob Helmer and Percy Helmer, Jr. appeal the trial court's orders in which it granted plaintiff Rumarson Technologies, Inc.'s (RTI) motion for summary judgment, denied the Helmers' motion for summary judgment, and awarded damages to plaintiff on the underlying suit on an account and for bad check charges. The issue presented on appeal is whether an authorized signatory on a corporate account can be held personally liable for corporate checks returned for insufficient funds. Because this issue is controlled adversely to RTI by our decision in *Peterson v. Holtrachem, Inc.*,[1] we reverse.

On appeal from the grant of a motion for summary judgment, we review the evidence de novo, with all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2] Additionally, summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

The relevant facts are not in dispute. The Helmers, as authorized signatories on the corporate account of Event Marketing, Inc., signed a check drawn on Event Marketing's account issued to RTI in the amount of $24,965. The check was dated August 14, 1998, although there was evidence presented that the check was actually signed on or around July 13, 1998. The check was dishonored at the bank due to insufficient funds. Thereafter, RTI filed the underlying complaint to collect the amount owed from the Helmers personally.

The trial court relied upon *Kolodkin v. Cohen*,[3] in granting RTI's motion for summary judgment which held the Helmers personally liable on Event Marketing's check. In *Kolodkin*, this Court construed an earlier version of OCGA § 11-3-403. Therein, the Court found that, in 1995, an individual signing a check drawn on a business account could be personally liable if the check was not honored by the bank. However, the present case is controlled by our recent decision in *Peterson*, supra, which construed the 1996 amendments to the Commercial Code:

[T]he revised statute [OCGA § 11-3-402 (c)] has the *exact opposite* effect of the previous statute in that it *codifies* the

---

[1] *Peterson v. Holtrachem, Inc.*, 239 Ga. App. 838 (521 SE2d 648) (1999).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[3] *Kolodkin v. Cohen*, 230 Ga. App. 384 (496 SE2d 515) (1998).

> rule that an authorized representative is *not* personally liable when he or she signs a negotiable instrument on behalf of the represented entity, even if the instrument does not indicate on its face that it is being signed in a representative capacity.

(Emphasis in original.) Id. at 840.

RTI asserts that *Peterson* is inapplicable because it was decided after the check was written and dishonored, and after the trial court's order. The statute, however, was amended in 1996, and it is applicable to the present case as the check was written in 1998. Furthermore, we must apply the law as it exists at the time of our judgment, not as it existed at the time of the trial court's determination. See *Sharfuddin v. Drug Emporium.*[4] Therefore, not only does *Peterson* apply, it controls the outcome of this case.

The trial court erred in granting summary judgment to RTI and in denying the Helmers' motion for summary judgment.

*Judgments reversed. Eldridge and Barnes, JJ., concur.*

DECIDED AUGUST 18, 2000.

*Fine & Block, Kenneth I. Sokolov,* for appellants.
*Stokes, Lazarus & Carmichael, Marion B. Stokes, Mary E. Lysak,* for appellee.

---

[4] *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (1) (498 SE2d 748) (1998).