## 44055.  HAMILTON v. THE STATE.

DEEN, Judge. 1. The defendant was indicted under *Code Ann.* § 13-9933 for uttering and delivering to the Citizens Bank of Hapeville for deposit a check drawn on the Trust Company of Georgia in the sum of $10,000, knowing there were

insufficient funds on deposit to cover it, with intent to defraud, as a result of its reliance on which the Citizens Bank paid out funds and sustained a loss of $6,428.07. The evidence is undisputed that the bank lost this amount of money by honoring checks in reliance on the defendant's apparent bank deposit balance, but the defendant contends that the loss occurred by reason of the bank's reliance on a check in the amount of $10,000 drawn by the defendant on the National Bank of Westchester, New York, and deposited on June 8, 1965, rather than on the check in the same amount on which the indictment was drawn and which was deposited on June 14. The Hapeville bank was notified on June 15 that the New York check was not good, but since the Trust Company of Georgia check had already been deposited it appeared that before charging back the New York check against the account there was a balance of $10,134.27, whereas in fact $10,000 of this apparent balance was attributable to the check on which the defendant was indicted. *Code Ann.* § 13-9933 involves a special form of cheating and swindling, and it must be proved that the party alleged to have been defrauded suffered loss resulting from its reliance on the defendant's wrongful act as charged in the indictment. *Formby v. State,* 14 Ga. App. 596 (2) (81 SE 799). Apparently most of the money lost by the Hapeville bank was paid out in reliance on the check drawn on the New York bank rather than on the June 14 deposit. However, one check was paid out on June 15, another on June 16 and two others on June 25 and 28. On June 17 the Trust Company check was returned, was run through a second time and again returned. There is accordingly evidence that at least some money was paid out after June 14 supported by testimony that this was in reliance on the apparent balance involving the check which is the basis of the indictment. Although the loss alleged was for an amount greater than that proved, this does not constitute a fatal variance. *Kemp v. State,* 61 Ga. App. 337 (7) (6 SE2d 196). The evidence was sufficient to support the verdict.

2. Objection was made to the photostat copy of the defendant's check drawn on a New York bank and returned for insufficient funds. The original was accounted for as having been returned to the defendant, and the copy was properly identified as a bank record. See *Code Ann.* §§ 38-710, 38-711;

*William v. American Surety Co.,* 83 Ga. App. 66 (1) (62 SE2d 673).

3. The court's remark to the jury to the effect that, if they felt they would continue deliberations beyond 6:00 p.m. it would be necessary to remove automobiles from the parking lot, was not objectionable as unduly interfering with their deliberations. Cf. *Hill v. State,* 114 Ga. App. 527 (151 SE2d 818); *McKibben v. State,* 187 Ga. 651 (3) (2 SE2d 101).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 6, 1968—DECIDED DECEMBER 2, 1968— REHEARING DENIED DECEMBER 17, 1968.

*Parsons & Giles, John E. Parsons,* for appellant.

*Lewis R. Slaton, Solicitor General, John W. Stokes, Tony H. Hight, J. Walter LeCraw,* for appellee.