## 56071. BROOKS v. THE STATE.

DEEN, Presiding Judge.

1. Former Code § 13-9933 made it illegal to make, draw, utter or deliver a check and thereby "obtain any money, goods, or other property of value," *with intent to defraud* and *with knowledge that there are insufficient funds for payment.* The present section, Code § 26-1704 (Ga. L. 1975, pp. 482, 483, as amended by Ga. L. 1977, pp. 1266, 1268) makes it illegal to make, draw, utter or deliver a check "in exchange for a present consideration of wages" with *knowledge that it would not be honored* by the drawee. Knowledge that because of insufficient funds the check will not be honored, in the second statute, is thus itself prima facie proof of intent to defraud. There is probably minuscule difference, if any, between delivery of

a check and obtaining property or money, in the first statute, and delivery of a check and obtaining a "present consideration" in the second. We accordingly use indiscriminately applicable case law, regardless of which "bad check statute" the indictment was drawn under.

2. The defendant's husband answered an ad placed in the paper by the prosecutor, a petroleum products jobber, and as a result leased a Phillips 66 service station which he and his wife operated as Brooks' Service Station. Anderson, the jobber, purchased products from Phillips 66 and left them for sale with various service stations, including that of defendant's husband. He testified that Anderson Oil Company owned the gasoline with which the tanks were filled on a weekly basis; that title to the gasoline remained in the jobber until sold; that the inventory was replenished as needed; that collections for amounts sold were made at the end of the week by receiving the amount collected for gasoline sold less a commission.

The defendant wife, who prepared and signed the checks, was indicted in three counts for passing a worthless check, convicted on two, and acquitted on one. In no case was a relationship shown between the replenishing of the tanks and the giving of the check. "Code Ann. § 13-9933 involves a special form of cheating and swindling, and it must be proved that the party alleged to have been defrauded suffered loss resulting from its reliance on the defendant's wrongful act as charged in the indictment." *Hamilton v. State*, 118 Ga. App. 842 (1) (165 SE2d 884) (1968). In the same way, under Code § 26-1704 it must be shown that there was a present consideration, that is, that in exchange for the check the defendant received the gasoline or other property of value. This the state failed to do. It showed only that the prosecutor's property was left with the service station to be sold, that defendant's husband was its agent for sale, and that it was entitled to the net proceeds of the sales, which it failed to get. The evidence does not support a conviction under this statute. See also 59 ALR2d, Anno., p. 1159 et seq.

3. There is evidence by the defendant that on each occasion when a check was given to the prosecutor he was

told that it would not or was likely not to clear the bank, but could be run through again. Anderson admitted that he took one check after being told there were insufficient funds to clear it, but was unable to say which of the checks was involved. Since this case is being reversed on another ground, we do not pass on the enumeration of error contending that under these circumstances there was no evidence beyond a reasonable doubt as to any of the three counts.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED JULY 10, 1978.

*Paul S. Weiner,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.