for appellee.

## 61484. GRIFFITH v. THE STATE.

Pope, Judge.

Jerry W. Griffith was convicted on three counts of criminal issuance of a bad check. This case was tried by the court without the intervention of a jury.

1. The Supreme Court has held that the statute under which appellant was convicted, Code Ann. § 26-1704, does not authorize imprisonment for debts and is therefore constitutional. *Cobb v. State,* 246 Ga. 567 (272 SE2d 299) (1980). Consequently, enumeration no. 1 challenging the constitutionality of this statute is without merit.

2. In his second enumeration appellant contends that the trial court erred in allowing an employee of the bank upon which the subject checks were drawn to testify as to the meaning of the notations "insufficient funds" and "account closed" which appeared on the checks. Appellant urges that this testimony violated "the best evidence rule, the hearsay rule, and the first-hand knowledge rule (that is, the rule as to testifying from personal knowledge based on personal observation)."

The subject checks were admitted into evidence without objection. Since the contents of the checks were not at issue, the best evidence rule was not applicable. *Denson v. State,* 149 Ga. App. 453 (2) (254 SE2d 455) (1979).

We view appellant's "first-hand knowledge" objection as a variation of the hearsay objection and therefore consider both together. As noted above, appellant did not object to the admission of the checks into evidence. Therefore, the notations on the checks — "insufficient funds" and "account closed" — were primary evidence establishing, prima facie, the facts stated. *Serve v. First Nat. Bank,* 143 Ga. App. 239 (2) (237 SE2d 719) (1977). The testimony of the witness from the bank showed how the notations on the checks had been made in the regular course of business pursuant to Code Ann. § 38-711. Since this testimony was simply an explication of the bank's entries on the checks and the checks themselves had already been admitted into evidence without objection, any error in admitting the testimony of this witness was harmless. See *Hall v. State,* 244 Ga. 86, 92 n. 5 (259 SE2d 41) (1979); *Williams v. State,* 144 Ga. App. 130 (2) (240 SE2d 890) (1977).

3. The prosecutor in this case (Bob E. Thomas d/b/a Thomas

Oil Company) testified that he had mailed a certified letter to appellant pursuant to Code Ann. § 26-1704 (a) (2) (A). A copy of the letter, a receipt for certified mail and a return receipt were tendered as evidence. Appellant objected on the ground that the address shown on the letter and receipt was not the same as that shown on the subject checks. Thomas testified that at the time he mailed the letter, he understood that appellant was no longer in business. Therefore, rather than send the letter to a defunct business address, he mailed it to appellant's home address. The return receipt was signed "J. W. Griffith" although there was some dispute as to the authenticity of that signature.

Code Ann. § 26-1704 provides: "(a) A person commits criminal issuance of a bad check when he ... delivers a check ... for a present consideration ... knowing it will not be honored by the drawee. For the purposes of this section, it is prima facie evidence that the accused knew that the instrument would not be honored, if ... (2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery and the accused ... shall not have paid the holder thereof the amount due thereon ... within 10 days after receiving written notice that payment was refused upon such instrument. For purposes of this subsection (2): (A) Notice mailed by certified or registered mail, evidenced by return receipt, to the address printed on the instrument or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the person ... delivering said instrument ... " The trial court noted that if the address on the documents tendered had been the same as that on the checks, the documents would have been prima facie evidence. Nevertheless, the court admitted the documents "as some evidence, as a factor to be considered."

The notice provisions of Code Ann. § 26-1704 (a) are evidentiary matters and not prerequisites to the conviction of the offense of issuing a bad check. *State v. Brannon,* 154 Ga. App. 285 (1) (267 SE2d 888) (1980). "The court trying a bad check case without a jury may be convinced by other evidence in the record that, notwithstanding the notice provisions of Code [Ann.] § 26-1704 were not followed so as to make out a prima facie case in this matter, the [S]tate sufficiently established the *mens rea* of the [appellant]." *Russell v. State,* 155 Ga. App. 555 (1) (271 SE2d 689) (1980). Accordingly, the trial court did not err in admitting these documents into evidence.

4. In his final enumeration of error appellant challenges the sufficiency of the evidence. Since all but two of the issues raised by this enumeration have been disposed of in the preceding divisions of this opinion, we will limit our discussion here to those not yet addressed.

(a) Appellant contends that since one of the subject checks was marked "account closed" it did not fall within the purview of Code Ann. § 26-1704. This contention is wholly without merit since the statute provides that prima facie evidence that the accused knew the instrument would not be honored by the drawee is established if the "accused had no account with the drawee at the time the instrument was made, drawn, uttered, or delivered . . . " Code Ann. § 26-1704 (a) (1).

(b) The evidence shows that State's Exhibit No. 1 was a check given by appellant to Thomas Oil Company on December 14, 1978 for goods (petroleum products) delivered on that date; that State's Exhibit No. 2 was a check given on January 24, 1979 for goods delivered on January 16 and 18, 1979; and that State's Exhibit No. 3 was a check given on February 8, 1979 for goods delivered on February 5, 1979. Appellant contends that the checks identified as State's Exhibits Nos. 2 and 3 were not given for "present consideration" as required under the statute.

The evidence showed that the policy of the Thomas Oil Company was to receive payment for the goods upon delivery; that appellant was the only person who would issue a check in payment for goods received; and that appellant was not always present when the goods were delivered so the company's delivery man would return for payment at a later date. This evidence showed that the checks were given "in exchange for present consideration." *Pittman v. State,* 154 Ga. App. 691 (269 SE2d 522) (1980).

Having reviewed the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 13, 1981

*Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney, Darrell E. Wilson, Mickey R. Thacker, Assistant District Attorneys,* for appellee.