37914. BOWERS v. THE STATE.

WELTNER, Justice.
Paul W. Bowers appeals his conviction in the Superior Court of Columbia County of the misdemeanor of issuing and uttering a worthless check under Code Ann. § 26-1704. The Court of Appeals affirmed and we granted certiorari.

Bowers, a building contractor, entered into an agreement with

one Reynolds whereby Reynolds would lay carpet in two houses that Bowers was building for resale. Reynolds completed the work at some time in May, 1974 and prepared a bill for $5,600 ($3,000 for one house and $2,600 for the other) dated May 20, 1974. The record does not show clearly when the bill was presented, but some three months later Bowers gave Reynolds a check, dated August 17, 1974 for $3,000 as partial payment of the amount owed. This check was returned due to insufficient funds. Reynolds, as prosecuting witness, pressed charges against Bowers under Code Ann. § 26-1704, resulting in a jury verdict of guilty.

Bowers assigns error upon the judgment and decision of the Court of Appeals, holding that a check tendered over two months after services are rendered can be in exchange for a present consideration, within the meaning of Code Ann. § 26-1704.

"A person who makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee, commits a misdemeanor. . . ." Code Ann. § 26-1704 (Acts 1968, pp. 1249, 1288 (superseded in 1975 and amended in 1977)).

Code Ann. § 26-1704, being a penal statute, must of course be strictly construed. *Caldwell v. Chambers,* 61 Ga. App. 156 (6 SE2d 120) (1939). In *Brooks v. State,* 146 Ga. App. 626 (247 SE2d 209) (1978) the Court of Appeals held that present consideration is an essential element of the crime here involved, and " 'it must be proved that the party alleged to have been defrauded suffered loss resulting from its reliance on the defendant's wrongful act as charged in the indictment.' *Hamilton v. State,* 118 Ga. App. 842 (1) (165 SE2d 884) (1968)." 146 Ga. App. at 627. We realize that in the fast pace of commerce, services and payment for services cannot always be exchanged at exactly the same time. However, the requisite of "present consideration" may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction.[1] See 59 ALR2d Anno., p. 1159 et seq. Nevertheless, where a check is delivered as payment for services rendered more than two months earlier, we hold that a rational trier of fact could *not* find beyond a reasonable doubt that the check in question was "in exchange for a present consideration," within the meaning of Code Ann. § 26-1704. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] Where there is a single, contemporaneous transaction in which the parties expect

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*Patrick J. Rice, David B. Bell,* for appellant.
*Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

goods or services and payment to be exchanged as nearly as possible at the same time, a short interval of time preceding the delivery of a check would not preclude a jury from finding, as a matter of fact, that the check was given in exchange for present consideration. For example, where one delivers goods or services to the purchaser's home or business at the purchaser's request, returns a short time later and is given a check in payment, a jury could find that the check was given in exchange for a present consideration. We hold only that an interval of two months precludes as a matter of law such a finding.