### 37913. GRIFFITH v. THE STATE.

CLARKE, Justice.

Certiorari was granted in this case to review the interpretation of the "present consideration" necessary to authorize a conviction under Code Ann. § 26-1704 governing the issuance of worthless checks. Griffith was indicted and convicted on three counts of violating Code Ann. § 26-1704 and the Court of Appeals affirmed on all counts. *Griffith v. State,* 159 Ga. App. 252 (283 SE2d 40) (1981). We affirm as to one count but hold the convictions for two of the counts must be reversed because the checks were not issued for a

present consideration.

At the time of the transactions Griffith operated a gasoline service station. The checks were all issued on the business account and were payable to Thomas Oil Company as payment for gasoline delivered to the station. The check in count one of the indictment was issued by Griffith on December 12, 1978, as payment for gasoline delivered on that date. The second count was based upon a check issued on January 24, 1979, for deliveries made and evidenced by invoices dated January 16, 1979 and January 18, 1979. The third check was issued on February 8, 1979 for a delivery on February 5, 1979.

The Court of Appeals held there was sufficient evidence to show the second and third checks were given for a present consideration. Mr. Thomas, owner of Thomas Oil Company, testified that he expected that goods would be paid for upon delivery. However, the course of dealings between Thomas Oil Company and Griffith showed a departure from this practice. Thomas's tanker driver stated that he would deliver the designated gallons and make out an invoice. If Mr. Griffith was present at the station he would usually write a check for the delivery. However, when Mr. Griffith was not at the station the gasoline would be delivered and an invoice drawn up with no other arrangement for payment. Payment by check for prior deliveries would be made and given to the driver whenever he returned to the station.

In finding that the checks issued for prior deliveries were for a present consideration the Court of Appeals relied upon *Pittman v. State,* 154 Ga. App. 691 (269 SE2d 522) (1980), which involved a check written for the sale of a boat of which the purchaser had already taken possession. However, the majority holding was based upon the fact that the seller had regained possession of the boat at the time the check was issued. In the present case the gasoline had been pumped into the station's tanks and in the purchaser's possession for several days. In *Bowers v. State,* 248 Ga. 714 (285 SE2d 702) (1982), we stated "the requisite of 'present consideration' may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction." We also reaffirmed the proposition that something of value must pass in reliance on the worthless check.

We hold that the facts of this case do not support a finding that the checks in counts two and three were given for a present consideration. The circumstances of the issuance of these checks do not evidence a single contemporaneous transaction. The wrongful act under Code Ann. § 26-1704 is the issuance of a worthless check for a present consideration. Present consideration in this context means

that the check must be in exchange for something of value. *Cobb v. State,* 246 Ga. 567 (272 SE2d 299) (1980). The law requires a contemporaneous transaction because the payee must give up something of value in reliance on the check in question. *Brooks v. State,* 146 Ga. App. 626 (247 SE2d 209) (1978).

Goods were delivered to Griffith in reliance on an understanding that a check would be issued at an unfixed future date. Payment was not required on delivery. The issuance of the checks several days later did not cause the seller to be deprived of something of value. Accordingly, the convictions under counts two and three are reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED FEBRUARY 16, 1982.

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.