## 69534. MARCHMAN v. THE STATE.
### (325 SE2d 879)

Deen, Presiding Judge.

Mrs. R. H. Marchman appeals, following a bench trial, from her conviction on eight counts of criminal issuance of bad checks, contending that the checks in question were given for payment of goods and/or services on an open credit account and not for any present consideration. She received a two-year probated sentence on each count and was ordered to "pay restitution of $96,088.80 and court costs of $416 within 30 days." *Held*:

The eight checks in question totalled $96,088.80 and were issued on a Marchman Oil and Chemical Co. account and signed by Mrs. Marchman. Hubert Reeves, Jr., president of Reeves Oil Co., Inc., testified that his company and Marchman Oil and Chemical Co. had entered into a business relationship beginning in October or November of 1981 which continued until sometime in February of 1982. The eight checks were written between January 29, 1982, and February 10, 1982. They were all returned for insufficient funds at one time by Reeves' bank. Reeves testified that his company was an oil jobber which purchased petroleum products such as gasoline, diesel fuel, motor oil, etc., and resold it to dealers and other oil people. Marchman Oil and Chemical Co. purchased gasoline and diesel fuel from Reeves in large quantities, ranging from 6,000 to 10,000 gallons, which was picked up in their tanker trucks. Reeves claimed that when Marchman sent its trucks to get gasoline, it would receive an invoice for the load and the driver would present a check made out by Mrs. Marchman for the previous load. He further testified that all but one check represented payment for a single load of gasoline. The sole exception, state's exhibit #2, represented two loads. Reeves claimed that Marchman's trucks always came for a load the day after they received the previous load and that occasionally they would receive two loads in a single day. Reeves denied extending any type of credit to Marchman, but admitted to having occasionally received a bad check which was made good when brought to the company's attention.

Mrs. Marchman did not testify, but her counsel sought to impeach Reeves' testimony by introducing into evidence the copy of a civil complaint Reeves filed in Burke County against Marchman Oil and Chemical Co., Mrs. Marchman, as executrix of her husband's estate, and her two sons, individually. The complaint alleged that the defendants owed Reeves Oil Co., Inc., $173,119.44 plus interest from February 1, 1982, "for goods sold and delivered to defendants between October 1, 1981, and February 28, 1982." Reeves admitted the $96,088.80 in bad checks was included in the amount sought in the complaint and, although he denied ever extending credit to the Marchman company, could offer no explanation for the $77,030.06

difference. Reeves' son, who was counsel for his father's company, testified that the sum sought was arrived at by looking at Marchman's account over a six-month period. Reeves admitted that he obtained a default judgment in the civil case, but his judgment could not be collected because the company was bankrupt.

Reeves did not introduce any invoices to corroborate his testimony as to the dates Marchman received the fuel, and on cross-examination admitted that he could not tell from looking at the checks what day Marchman got gas. He was also of the opinion that he did not think it was possible for someone else in his company to extend credit to Marchman. The defendant also introduced into evidence a copy of the "Request for admission of matters and genuineness of documents" which was filed in the civil case. The first matter Reeves sought to have Marchman admit was that the eight checks in question were returned stamped "not sufficient funds" and have not been paid, and the genuineness of ten Reeves Oil Company invoices. The invoices are in numerical and chronological sequence: #2893, dated 1/26/82; #2896, dated 1/26/82; #2903, dated 1/28/82; #2905, dated 1/18/82; #2908, dated 1/29/82; #2911, dated 1/30/82; #2922, dated 2/02/82; #2923, dated 2/02/82; #2931, dated 2/05/82; and #2936, dated 2/08/82.

Four of Mrs. Marchman's checks (state's exhibits #1, 6, 7, 8) are dated and the corresponding numbers are clearly marked on the face of the check on the lower left corner which is preprinted "For ___." Check #1 — #4229, dated 1/29/82, is for invoice number 2882; check #6 — #4642, dated 2/8/82, is for invoice numbers 2887, 2888; check #7 — #2331, dated 2/10/82, is for invoice number 2872; check #8 — #2332, dated 2/10/82, is for invoice number 2816. The remaining checks do not show an invoice number recorded in the lower left-hand corner and none of the checks match up with the invoices contained in the request for admissions as to either date, amount of fuel received, or the cost of the fuel.

An examination of the invoices attached to the request for admissions reveals that they were issued in numerical and chronological order as the earliest, #2893, is dated 1/26/82, and the last, #2936, is dated 2/5/82. Mrs. Marchman's checks were similarly issued and the first one appears to be issued for invoice #2882 and the last one issued 2/10/82, for invoice #2816; they all appear to have been issued in payment of invoices received prior to 1/26/82, the date of the first invoice listed in the request for admissions.

OCGA § 16-9-20 (Code Ann. § 26-1704) provides that "[a] person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check . . . in exchange for a present consideration or wages, knowing that it will not be honored by the drawee."

In *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702) (1982), the court recognized this court's ruling in *Brooks v. State*, 146 Ga. App. 626 (247 SE2d 209) (1978), that present consideration is an essential element of the offense of uttering a worthless check, but recognized that "in the fast pace of commerce, services and payment for services cannot always be exchanged at exactly the same time. However, the requisite of 'present consideration' may exist although goods or services are received before a check is delivered in payment where the interval is slight and the exchange can be characterized as a single contemporaneous transaction. [Cit.]" The court went on to hold that where a check is delivered as payment for services rendered two months earlier a rational trier of fact could not find the check was given for present consideration.

In *Griffith v. State*, 249 Ga. 19, 20 (287 SE2d 187) (1982), a case somewhat similar factually to the one at bar, the court reversed counts two and three of the appellant's conviction, holding that the evidence did not support a finding of present consideration for gasoline deliveries made eight and three days, respectively, prior to the date the checks were issued, because the issuance of the checks did not evidence a single contemporaneous transaction.

OCGA § 16-9-20 (Code Ann. § 26-1704) is a penal statute which must be strictly construed. See *Caldwell v. Chambers*, 61 Ga. App. 156 (6 SE2d 120) (1939). We therefore find that Reeves' testimony is insufficient to support the convictions. He testified as to his usual business practice of not extending credit to Marchman Oil and Chemical Co., but admitted he had held their bad checks in the past until they were put through their account for a second time and that he could not tell from looking at the checks in question the actual date on which they received fuel. He did not produce any invoices to corroborate his claim that the checks were received as payment for gasoline sold on the day the check was issued or on the previous day. Moreover, an examination of the civil complaint and the request for admissions casts serious doubt upon his claim that he never extended credit to Marchman Oil and Chemical Co.

Accordingly, we find that a rational trier of fact could not find beyond a reasonable doubt that the checks in question were given "in exchange for a present consideration" as required by OCGA § 16-9-20 (Code Ann. § 26-1704). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bowers v. State*, supra.

*Judgment reversed. Sognier, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JANUARY 9, 1985.

*Jerry M. Daniel*, for appellant.

*J. Lane Johnston, District Attorney*, for appellee.