## 73618. GILLEY v. THE STATE.
(356 SE2d 655)

Pope, Judge.

Jerry Gilley brings this appeal from his conviction of two counts of criminal issuance of bad checks (OCGA § 16-9-20). His two enumerations of error challenge the sufficiency of the evidence to support the judgment. *Held*:

1. OCGA § 16-9-20 (a) provides: "A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." Appellant first argues that the State failed to prove there was a "present consideration" for the issuance of the subject bad checks.

"[P]resent consideration is an essential element of the crime here involved, and ' "it must be proved that the party alleged to have been defrauded suffered loss resulting from its reliance on the defendant's wrongful act as charged in the indictment." [Cit.]' [Cit.] We realize that in the fast pace of commerce, [goods or] services and payment for [same] cannot always be exchanged at exactly the same time. However, the requisite of 'present consideration' may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction. [Cit.]" *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702) (1982). "Where there is a single, contemporaneous transaction in which the parties expect goods or services and payment to be exchanged as nearly as possible at the same time, a short interval of time preceding the delivery of a check would not preclude a jury from finding, as a matter of fact, that the check was given in exchange for present consideration. For example, where one delivers goods or services to the purchaser's home or business at the purchaser's request, returns a short time later and is given a check in payment, a jury could find that the check was given in exchange for a present consideration." Id. at 715-16 n. 1.

Construed most strongly in favor of the State, the record shows that appellant, a general contractor, executed a contract with one Hammond for installation of a furnace. The contract provided for two-thirds payment to be made upon completion of the rough-in phase of the work, and the final third upon completion of the work. By subsequent agreement between the parties, full payment for the work was to become due upon completion of the work. Hammond completed the work in the late afternoon of Friday, February 15, 1985. Appellant was not present at that time, and after unsuccessfully attempting to contact him over the weekend, Hammond met with appellant on the following Monday and was paid in full by check.

On the same project appellant also contracted with one Cole for installation of a garage door and electric opener. The work was completed on a Wednesday, and, although Cole requested payment at that time, the parties agreed that appellant would make payment in full on that Friday by placing a check in the mail. Cole did not receive payment as promised and, after expending considerable effort to locate appellant, finally obtained a check from appellant approximately a week and a half later on February 20, 1985.

The checks were subsequently returned to Hammond and Cole unpaid because appellant's checking account had been closed by the bank on February 20. For each day from January 31, 1985 until the account was closed, appellant had maintained a negative daily balance in the checking account.

In our view, any rational trier of fact could have found the requisite "present consideration" beyond a reasonable doubt. See *Pittman v. State*, 154 Ga. App. 691 (269 SE2d 522) (1980). Compare *Griffith v. State*, 249 Ga. 19 (287 SE2d 187) (1982); *Brooks v. State*, 146 Ga. App. 626 (2) (247 SE2d 209) (1978).

2. The State adequately proved the mens rea of the appellant. See *Russell v. State*, 155 Ga. App. 555 (1) (271 SE2d 689) (1980); *Wiggins v. State*, 139 Ga. App. 98 (1) (227 SE2d 895) (1976). See generally *Berry v. State*, 153 Ga. 169 (3) (111 SE 669) (1922).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 6, 1987 —
REHEARING DENIED APRIL 22, 1987 — ▮▮▮▮▮▮▮▮

*J. Dunham McAllister*, for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Todd E. Naugle, Assistant District Attorneys*, for appellee.