74175. HIERS v. THE STATE.
(356 SE2d 763)

BIRDSONG, Chief Judge.

Duane L. Hiers was convicted of three bad check offenses and sentenced to eight years probation, restitution, and a fine. He brings this appeal urging error in the denial of his motion for a directed verdict of acquittal. *Held:*

The basis of the motion for directed verdict of acquittal was an asserted failure of proof to show that the three checks admittedly issued by Hiers were for a present consideration, an essential element of the crime of passing a bad check. OCGA § 16-9-20 (a). The facts adduced by the State established that Hiers was a wholesale purchaser of produce and particularly fresh tomatoes. For a period of several years, Hiers purchased tomatoes from one Miller who maintained a business at the State Farmers' Market in Forest Park. Hiers initially would obtain produce in effect on credit, sell the produce and pay Miller for the purchase from the proceeds. However by the spring of 1984, Hiers was experiencing a cash flow problem and was substantially in arrears in payments for tomatoes purchased from Miller. Miller stopped advancing tomatoes to Hiers and required Hiers to pay for produce at the time of delivery from Miller to Hiers. On June 11, 1984, Hiers purchased tomatoes valued at $1,200. Hiers issued a check in that amount to Miller. On June 15, Hiers purchased produce valued at $1,417 and issued Miller a check in that amount. On June 19, Hiers purchased produce valued at $1,164 and issued his check in the amount of $1,164. Mrs. Miller, who kept books for her husband, took all three checks to the bank and cashed them. Because Hiers was delinquent and in arrears in several earlier purchases, Mrs. Miller ap-

plied the cash received from the three sales to satisfy the earlier delinquent accounts and the remainder to satisfy the most recent purchases to the extent the cash allowed. The bank subsequently advised Miller that all three checks had been returned marked insufficient funds. Hiers was informed of the return on the three checks. He made certain cash payments designed to reduce the account balance but has never redeemed the three checks.

Hiers argued before the trial court and now to this court that because Mrs. Miller used the proceeds of the three checks to satisfy a pre-existing indebtedness, the checks were not issued for a present consideration. Though he concedes a civil indebtedness, he contends there is no evidence of a criminal intent to pass a bad check.

We note that Hiers makes no contention that the bank erred or that he fully expected the checks to clear upon presentment. His sole contention is that the checks were not presented to the Millers for a present consideration. See *Griffith v. State*, 249 Ga. 19 (287 SE2d 187); *Bowers v. State*, 248 Ga. 714 (285 SE2d 702). We find those cases to be inapposite. In those cases, it is clear that the debtor was aware as was the creditor that the transaction creating the debt was one occurring in the past and the subsequent payment was to extinguish a pre-existing indebtedness. In this case, Hiers purchased tomatoes and other produce on three separate occasions. A bill was presented to him at the time of each purchase stating the exact amount of the charge for the produce. He had been made aware that because of his past delinquencies, cash payment was to be contemporaneous with the purchase. On each occasion, Hiers paid with a check in the exact amount of the purchase. What Miller decided to do with the payment after the transaction had been executed was of no consequence to Hiers. It is certain that Mrs. Miller could have applied the entire amount to each purchase thus extinguishing each debt as incurred. Likewise the money could have been spent for any purpose decided by the Millers. But as between Miller and Hiers, produce was sold for a set price and that price was paid. It is clear therefore that the three checks in question were issued for a present consideration. The trial court therefore did not err in denying the motion for directed verdict of acquittal upon that ground. See *Davis v. State*, 234 Ga. 730, 732 (218 SE2d 20); *Russell v. State*, 155 Ga. App. 555 (271 SE2d 689).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 29, 1987.

*J. Dunham McAllister*, for appellant.
*Robert E. Keller*, District Attorney, *Albert B. Collier*, Assistant

*District Attorney*, for appellee.