## 74937. LEDFORD v. THE STATE.
(362 SE2d 133)

BENHAM, Judge.

Appellant was found guilty in a bench trial of violating the bad check statute (OCGA § 16-9-20). On appeal he maintains the evidence presented at trial was insufficient to support the conviction.

"A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." OCGA § 16-9-20 (a). The State

presented evidence that appellant, acting on behalf of Tailored Carpet Mills (Tailored Carpet), signed a check issued on a Tailored Carpet account and made out to Kenco Mills for $14,353.94, which check was returned due to insufficient funds. There was evidence that the check was given to Kenco Mills on April 18, 1985, one day after a dyer working for Tailored Carpet had picked up the griege goods from Kenco Mills' agent.

1. Appellant contends his conviction must be reversed because there is no evidence that the check was given in exchange for a present consideration. "[P]resent consideration is an essential element of the crime here involved . . ." *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702) (1982). "Present consideration in this context means that the check must be in exchange for something of value [Cit.] The law requires a contemporaneous transaction because the payee must give up something of value in reliance on the check in question. [Cit.]" *Griffith v. State*, 249 Ga. 19, 20 (287 SE2d 187) (1982). Where a worthless check is given as payment for goods already received, there is no present consideration, and a conviction for criminal issuance of a bad check must be reversed (see *Griffith v. State*, supra; *Bowers v. State*, supra; *Marchman v. State*, 173 Ga. App. 257 (325 SE2d 879) (1985); *Brooks v. State*, 146 Ga. App. 626 (2) (247 SE2d 209) (1978)), unless "the interval [between delivery of goods or services and payment therefor] is slight and the exchange can be characterized as a single contemporaneous transaction." *Bowers v. State*, supra at 715. While the Supreme Court exemplified "single contemporaneous transaction" as a situation where "one delivers goods or services to the purchaser's home or business at the purchaser's request, [and] returns a short time later and is given a check in payment . . ." (id. n. 1), this court has held that completion of work late Friday afternoon and payment therefor on the following Monday constitutes a "single contemporaneous transaction." *Gilley v. State*, 182 Ga. App. 681 (1) (356 SE2d 655) (1987). In the same case, this court also held that completion of work, coupled with an immediate request for payment, an agreement to pay in two days, and receipt of payment approximately two weeks after the completion of the work constituted a "single contemporaneous transaction." Id. In light of the precedent established in *Gilley*, we conclude that a rational trier of fact could have found the requisite "present consideration" to have existed beyond a reasonable doubt where goods were given on April 17 and payment received on April 18. Compare *Griffith v. State*, supra; *Bowers v. State*, supra; *Marchman v. State*, supra; *Brooks v. State*, supra. See also *Parish v. State*, 178 Ga. App. 177 (4) (342 SE2d 360) (1986). The fact that appellant's business had an ongoing relationship with the entity that received the worthless check does not preclude the existence of a single contemporaneous transaction. See

*Hiers v. State*, 182 Ga. App. 743 (356 SE2d 763) (1987).

2. Appellant also takes issue with the fact finder's conclusion that appellant issued the bad check knowing that it would not be honored. Despite the fact that there is no evidence whether the notice provisions of OCGA § 16-9-20 (a) (2) were followed, the fact finder may find other evidence in the record that establishes guilty knowledge on the part of the defendant. *Russell v. State*, 155 Ga. App. 555 (1) (271 SE2d 689) (1980). In the case at bar, the State had admitted into evidence the bank statements of Tailored Carpet from March 18 through April 30, 1985. The balance at the beginning of that period of time was overdrawn over $25,000 and closed with an overdrawn balance of over $11,000. During that time, the account was charged 198 times for checks written with insufficient funds, and the account was debited over $271,000 for checks deposited to the account that the bank was not able to collect. The account's daily balance from March 25, 1985 through April 27, 1985, was never sufficient to cover the $14,353.94 check issued April 18 that serves as the basis for the criminal charge against appellant. Additionally, appellant admitted that he knew at the time he made several deposits to Tailored Carpet's account that the deposits would be bad. There was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that appellant knew that the check issued to Kenco Mills would not be honored. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Gilley v. State*, supra.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1987.

E. Crawford McDonald, Nancy E. Bradshaw, for appellant.
Jack O. Partain III, District Attorney, Ralph M. Hinman III, Steven M. Harrison, Assistant District Attorneys, for appellee.