A89A0802. SINGLETARY v. THE STATE.
(385 SE2d 791)

POPE, Judge.

Defendant Hudgins Singletary was convicted, after a bench trial, of six counts of issuing bad checks. His four-year sentence on each count was probated on the condition that restitution be made to the victims. Defendant appeals the convictions on the ground that the evidence did not establish present consideration for any of the checks set forth in the indictment.

Counts I, II, III and VI of the indictment allege that the checks involved were issued for wages. The evidence presented at trial is sufficient to support a conviction on these counts.

Count IV alleges that a check for $2,953.16 was issued to Jack Carter for present consideration. Carter testified that he contracted with defendant for certain goods and services, including the building of a front and back porch on a mobile home and the laying of concrete pipe and gravel for a driveway. The witness identified two invoices for the goods and services dated September 16, 1988 and testified that the invoices represented work completed. The check to Carter was issued September 19, 1988. "[I]n the fast pace of commerce, services and payment for services cannot always be exchanged at exactly the same time. However, the requisite of 'present consider-

ation' may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction." *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702) (1982). The evidence in this case was sufficient to support a finding that the exchange of goods and services for the defendant's check was a single contemporaneous transaction. See *Gilley v. State*, 182 Ga. App. 681 (356 SE2d 655) (1987).

Count V alleges that a check for $650 was issued to G & S (the name of a partnership formed by two of Singletary's employees) in exchange for present consideration. The facts stipulated at trial show that the check was delivered to Singletary's employee to reimburse him for a payment the employee had voluntarily made for supplies delivered to Singletary's place of business while Singletary was away from his office. While the employee may have expected to be reimbursed by his employer for the payment he voluntarily made, it cannot be said that he made the voluntary payment in exchange for the reimbursement check which was delivered to him at a later time after Singletary returned to his place of business. Consequently, we agree that as to the check at issue in Count V of the indictment the evidence was insufficient to support a conviction for issuance of a bad check "in exchange for a present consideration . . . ." OCGA § 16-9-20 (a). The conviction on Count V of the indictment must be reversed but the convictions are affirmed as to all other counts of the indictment.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Ken Gordon*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Monique F. Kirby*, Assistant District Attorney, for appellee.