## A92A1283. McNEAL v. THE STATE.
### (420 SE2d 653)

McMurray, Presiding Judge.

Defendant McNeal appeals his conviction of three counts of "worthless check" (issuance of bad checks, OCGA § 16-9-20). The sole enumeration of error contends that the convictions should be reversed because the checks were not issued in exchange for a present consideration. *Held*:

Defendant McNeal was a general contractor in the homebuilding business. On a number of projects, defendant had contracted with Bramlett to do certain plumbing work. Four such projects were completed on Monday and Tuesday, April 9 and 10, 1990. The normal practice between these businessmen was that Bramlett submitted his bills on the Thursday following completion of a project. In this instance, the bills were submitted on April 12, 1990, although the five invoices show various dates. Bramlett anticipated payment on the next day or the following Friday, depending on inspections made of the work. Payment was not made on Friday, April 13, 1990, and Bramlett proceeded to attempt to locate defendant. On April 18, 1990, Bramlett located defendant, who wrote three checks and gave them to Bramlett for the five invoices. These three checks were dishonored for insufficient funds and are the basis of the charges at issue.

" 'A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee.' OCGA § 16-9-20 (a). . . . 'Present consideration . . . means that the check must be in exchange for something of value. (Cit.)' *Griffith v. State*, 249 Ga. 19, 20-21 (287 SE2d 187). Thus, 'it must be proved that the party alleged to have been defrauded suffered loss resulting from its reliance on the defendant's wrongful act as charged in the indictment.' *Hamilton v. State*, 118 Ga. App. 842 (1) (165 SE2d 884). 'However, the requisite of "present consideration" may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction.' *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702)." *Hutto v. State*, 198 Ga. App. 325, 326 (1) (401 SE2d 339).

In *Griffith v. State*, 249 Ga. 19 (287 SE2d 187) supra, that defendant issued three checks in payment of gasoline delivered to a service station he operated. One conviction, based on a check issued to pay for gasoline delivered the day the check was issued, was affirmed. However, checks issued three and eight days after the dates of delivery were held to not evidence a single contemporaneous transaction

and those convictions were overturned.

In the case sub judice, in denying defendant's motions for directed verdict and for new trial, the trial court relied on the decision in *Gilley v. State*, 182 Ga. App. 681 (356 SE2d 655). In *Gilley*, one subcontractor, Hammond, expected immediate payment upon completion of his work pursuant to agreement with the defendant in that case, but delivery of this bad check was delayed three days due to Hammond's inability to locate that defendant. Also, in *Gilley*, a second subcontractor, Cole, completed his work and after requesting immediate payment, agreed that payment by check be placed in the mail two days later. The check was not mailed as promised and Cole expended considerable effort to locate that defendant and obtain the second bad check a week-and-a-half later. This Court held in *Gilley* that a jury was authorized to find the requisite " 'present consideration' " for both checks. In its order on defendant's motion for directed verdict or new trial, the trial court held that *Gilley* was controlling in the case sub judice because as in *Gilley* the delay in issuance of the check was caused by the "inability to locate defendant."

After reviewing the authority relevant to the case sub judice, we are concerned as to whether all of the applicable cases can be reconciled. From *Bowers v. State*, 248 Ga. 714, 715 (285 SE2d 702), we learn that when the delivery of goods or services is followed more than two months later by delivery of a check as payment, the interval precludes, as a matter of law, any finding that the check was given in exchange for a present consideration. We also learn from *Griffith* that a check given in payment for a delivery of the same date is probably present consideration. In *Berry v. State*, 153 Ga. 169, 174 (111 SE 669), a check given in repayment of a loan made the previous day was held not to have been given for a present consideration, while the same result is reached in *Griffith* as to a check given three days after a gasoline delivery. However, in *Singletary v. State*, 192 Ga. App. 653 (385 SE2d 791), this Court held that the evidence was sufficient to support a finding that the exchange of goods and services for defendant's check, delivered three days after completion of the work, was a single contemporaneous transaction. And, in *Ledford v. State*, 184 Ga. App. 556, 557 (1) (362 SE2d 133), this Court held that a jury was authorized to determine that a check, delivered one day after certain "griege goods" were picked up, was given for present consideration.

Unfortunately, many of these previous decisions, while stating the facts of a particular case and the applicable rules of law, fail to relate the reasoning which combines the two. Rather than attempting to deduce the implicit reasoning in the past cases, we shall merely address the case sub judice.

The law requires that the payee must give up something of value in reliance on the check. *Griffith v. State*, 249 Ga. 19, 21, supra. The

example given in the footnote in *Bowers*, upon which *Gilley* and its progeny are predicated, must be read in connection with this requirement. Where the purpose of the defendant in giving the check was not to deprive the payee of anything, but was only to gain temporary respite from the duns of his creditor there is no attempt to defraud such as remains an element of the crime of issuance of bad checks. *Berry v. State*, 153 Ga. 169, 172, 173 (3), supra.

In the case sub judice, Bramlett had completed the delivery of goods and services no later than Tuesday, April 10, 1990. No immediate payment was expected by Bramlett, who understood that he would not be paid prior to that Friday and then only subject to a satisfactory inspection of the work on the intervening Thursday. The inspection on Thursday was apparently satisfactory as Bramlett then expected to be paid on Friday, but Bramlett did not expect to give up any additional thing of value at that time. Bramlett had already provided full consideration under his contract with defendant. Bramlett was not timely paid and began to dun defendant until finally defendant wrote the checks at issue on April 18, 1990. Defendant did not deprive Bramlett of anything on that date, but merely gained a temporary respite from Bramlett's demands for payment. The issue of the checks by defendant cannot be reasonably viewed as having been a part of the same contemporaneous transaction as the delivery of the goods and services by Bramlett. There was never intended to be an exchange of goods and services at nearly the same point in time and such did not in fact occur due to the intervening inspection of the work and the passage of time. Defendant's convictions must be reversed. *Griffith v. State*, 249 Ga. 19, 21 supra.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JULY 2, 1992.

*Thompson, Fox, Jolliff, Chandler & Homans, Joseph A. Homans*, for appellant.

*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.