## A93A1751. PORADO v. THE STATE.
(440 SE2d 690)

SMITH, Judge.

Mark Stephen Porado was indicted by the White County grand jury on two "bad check" counts (issuance of bad checks, OCGA § 16-9-20 (a)). He was convicted on Count 1 and acquitted on Count 2. He appeals the denial of his motion for new trial.

1. Porado contends that the trial court erred in failing to grant his motion for a directed verdict of acquittal because the State failed to prove Porado's knowledge that the check in question would not be honored by his bank. This enumeration is without merit.

The relevant portion of OCGA § 16-9-20 (a) provides: "[I]t is prima-facie evidence that the accused knew that the instrument would not be honored if . . . (2) Payment was refused by the drawee for lack of funds . . . and the accused or someone for him shall not have tendered the holder thereof the amount due thereon, together with a service charge, within ten days after receiving written notice that payment was refused upon such instrument." The statute further provides that notice by registered or certified mail evidenced by return receipt shall be deemed sufficient and equivalent to notice having been received as of the date on the return receipt. OCGA § 16-9-20 (a) (2) (A).

The evidence at trial showed that Porado was the owner and operator of a grocery that sold gasoline. He purchased gasoline from P & B Petroleum, a supplier owned and operated by complaining witness Black, paying with two checks that were returned for insufficient funds. Porado was convicted with respect to the first check, in the amount of $4,446.42, which was dated July 24, 1991 and returned for insufficient funds on July 31, 1991. With respect to this check, Black testified that his business sent a standard ten-day demand letter by certified mail as required by OCGA § 16-9-20 (a) (2) (A). He identified a form letter as identical to the one sent to Porado. Black also identified a photocopy of a certified mail return receipt sent to Porado. He testified that it was identical to the original, that the copy was made in the ordinary course of business, and that the magis-

trate's court had retained the original return receipt. Porado testified that he recalled receiving a notice, although he did not recall the check to which it referred. However, he acknowledged that his signature appeared on the photocopy of the return receipt identified by Black as the receipt for the ten-day demand letter for the July 24 check. Black further testified that he telephoned Porado and spoke with him about the July 24 check. Porado acknowledged that this telephone conversation took place. Porado did not tender the amount due on the check to Black within ten days.

Porado apparently contends that a directed verdict was appropriate because the trial court admitted the photocopy of the receipt over his objection that it was not the highest and best evidence. Under Georgia law, however, the method of notice prescribed by OCGA § 16-9-20 (a) (2) (A) is evidentiary and not an element of the offense of issuing bad checks. See *Russell v. State*, 155 Ga. App. 555 (1) (271 SE2d 689) (1980). Moreover, Black testified that the photocopy was identical to the original and that it was made in the ordinary course of business. He also accounted for the whereabouts of the original. See OCGA § 24-5-26; *Shivers v. State*, 188 Ga. App. 744, 745 (2) (374 SE2d 233) (1988) (physical precedent). Porado identified his signature from the photocopy. There was enough evidence from which a rational trier of fact could conclude that the prima facie showing under OCGA § 16-9-20 (a) (2) (A) was satisfied. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Porado also enumerates as error the general grounds on the overruling of his motion for new trial, contending that the check in question was not given for a present consideration. The evidence showed that Porado and Black had an arrangement under which Black's driver would visit Porado's store on a weekly basis, measure the fuel which had been sold to the public in the preceding week, and present an invoice to Porado for the amount of fuel sold. At that time, Porado would deduct a three cents per gallon commission and give the driver the balance. At the end of each month, Porado and Black would split any profits equally between them.

Porado relies on *Griffith v. State*, 249 Ga. 19 (287 SE2d 187) (1982) in support of his contention that the gasoline sold to the public during the previous week did not constitute "present consideration" as required by OCGA § 16-9-20 (a). In *Griffith*, a gasoline supplier drew up invoices upon delivery of gasoline, with "an understanding that a check would be issued at an unfixed future date." Id. at 21. The Supreme Court held that this did not satisfy the requirement of present consideration — that is, that a check be contemporaneously exchanged for something of value. Id. at 20-21.

The State argues that the requirement of present consideration or a contemporaneous transaction is satisfied by a regular business

practice of paying at the end of each week for gasoline purchased by retail customers during the preceding week. See, e.g., *Hutto v. State*, 198 Ga. App. 325, 327 (1) (401 SE2d 339) (1991). Under the circumstances presented here, we agree. Until the amount of gasoline consumed was measured, the commission calculated, and the invoice presented, at the time of Porado's writing the check, the transaction had not been completed. Moreover, the three cents per gallon commission deducted by Porado at the time of writing the check constituted present consideration. At the time of the presentation of the invoice and Porado's presentation of the check, P & B Petroleum gave up something of value, the amount of the commission, in reliance on the check. The evidence was sufficient under *Jackson v. Virginia* to enable a rational trier of fact to find the elements of issuing a bad check, including present consideration. See *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). The trial court did not err in denying Porado's motion for new trial on this ground.

3. In his final enumeration of error, Porado contends that the trial court erroneously ordered restitution of funds from the August 2 check, as to which he was acquitted. In support of this contention he asserts that the amount of restitution, $3,643.50, was calculated by subtracting from *both* checks the amount of credits made in Porado's ledger since the date of the first check.

However, Porado points to nothing in the record to support his contention as to the source or amount of the charge-back. The ledger was not introduced into evidence, and there was no evidence at the sentencing hearing as to the amount of the charge-back or the amount applied to a particular check. As noted by the State, the amount is less than the face amount of the check as to which Porado was found guilty. The only point raised by Porado on the issue of restitution was whether the amount of the check had been discharged in bankruptcy. This enumeration of error provides nothing for review by this court. "Not only is this contention not supported by the record, this issue is raised for the first time on appeal. 'This court cannot consider matters raised for the first time on appeal, [cit.] nor can we consider factual representations in a brief which are not supported by the transcript. [Cit.]' [Cit.]" *Denton v. State*, 186 Ga. App. 864, 865 (3) (368 SE2d 811) (1988).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 26, 1994.

*T. Jefferson Moore, Jr.*, for appellant.
*C. David Turk III, District Attorney, Donald E. Henderson, As-*

*sistant District Attorney*, for appellee.