[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00069-CV-2

MALISSA L. BROWN,

Plaintiff-Appellee,

versus

BILL SMITH,
Individually and in his Official Capacity as
Sheriff of Camden County, Georgia, et al.,

Defendants,

CHARLES BYERLY,
Individually and in his Official
Capacity as Deputy Sheriff of
Camden County, Georgia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 12, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This case arose out of Malissa Brown's arrest and incarceration for allegedly writing bad checks to Keith Purcell. After she was released from a Florida jail, Brown sued, among others, Camden County Deputy Sheriff Charles Byerly, and Keith Purcell, asserting federal and state law claims. Byerly appeals from the district court's order partially granting and partially denying his motion for summary judgment, arguing the district court erred in not dismissing the remaining claims against him. The claims remaining after the district court order are a 42 U.S.C. § 1983 claim for an alleged violation of the Fourth Amendment and state law claims for false imprisonment/false arrest, intentional infliction of emotional distress, and slander.

The basis for Brown's Fourth Amendment claim is her contention that she committed no violation of law, so her arrest was without probable cause. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."). On appeal, Byerly argues, *inter alia*, Brown's § 1983 claim is precluded because there was probable cause for her arrest. "Probable cause exists when the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is

2

committing, or is about to commit an offense." *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007) (internal quotation marks omitted).

Byerly argues there was sufficient probable cause to support Brown's arrest for deposit account fraud because Brown gave Purcell three postdated checks over a period of several weeks in exchange for goods and all of the checks were returned due to insufficient funds. We agree. To commit the offense of deposit account fraud, Georgia law requires that a person "makes, draws, utters, executes, or delivers an instrument for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." O.C.G.A. § 16-9-20(a). Although "the fact that [a] post-dated check bounced is not sufficient, standing alone, to establish a crime," *Young v. State*, 594 S.E.2d 667, 668-69 (Ga. Ct. App. 2004), where one knowingly postdates a check without sufficient funds to cover the draft, and fails to call this fact to the attention of the payee, the drawer of the check violates the law, *see Galbreath v. State*, 387 S.E.2d 915, 919 (Ga. Ct. App. 1989).

Even if we accept as true Brown's contention that the postdated checks delivered in April and May were given to Purcell for goods she received in March and April, this delay was not enough to insulate Brown from liability for deposit account fraud under Georgia law. "'[P]resent consideration' may exist although

3

goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction." *Bowers v. State*, 285 S.E.2d 702, 703 (Ga. 1982). On *de novo* review, we conclude as a matter of law there was probable cause for Brown's arrest for the crime of deposit account fraud, under the facts and circumstances known to Byerly. *See Jordan*, 487 F.3d at 1355. In the absence of a constitutional violation, the district court erred in not granting Byerly summary judgment on the § 1983 claim.

We remand the remaining state law claims to the district court for its determination in light of our conclusion that probable cause existed.[1]

**REVERSED and REMANDED.**

---

[1] We are not suggesting the district court must retain jurisdiction over the state law claims in the absence of any federal claim. If the court does retain jurisdiction, we note the claim against Byerly for false arrest would be precluded by the existence of probable cause. *See Pinkston v. City of Albany*, 395 S.E.2d 587, 590 (Ga. Ct. App. 1990); O.C.G.A. § 51-7-1. However, if the court finds Brown also stated a claim for false imprisonment, "[t]he existence of probable cause . . . is not a complete defense." *Kline v. KDB, Inc.*, 673 S.E.2d 516, 518 (Ga. Ct. App. 2009).