## A12A0195. GIBSON v. THE STATE.
### (727 SE2d 251)

BOGGS, Judge.

Gary Gibson was convicted after a bench trial of deposit account fraud. OCGA § 16-9-20.[1] The issue presented on appeal is whether his check, drawn on a closed account, was presented "in exchange for a present consideration" within the meaning of OCGA § 16-9-20 (a). We conclude that, under the circumstances of this case, a rational trier of fact could have found beyond a reasonable doubt that the check in question was presented in exchange for a present consideration, and we therefore affirm.

The victim, a construction rental company, rented two pieces of heavy equipment to Gibson for a construction project. The company delivered a crawler dozer to the job site on September 8, 2008, and picked it up on September 18. An excavator was delivered on September 19, and the company picked it up on September 22. The excavator was damaged during the rental period, and the company repaired it after ordering the necessary parts. The owner of the company testified that on October 7, he presented Gibson with the bill for the entire transaction, including the rental for both pieces of equipment and the repairs, which he testified were completed on that date. Upon presentation of the bill, Gibson gave the victim a check drawn on a closed account.

After hearing this testimony, the trial court specifically found that the check constituted present consideration and found Gibson guilty. Gibson appeals from the judgment of conviction and sentence, asserting in two enumerations of error that the evidence failed to show a present consideration.

OCGA § 16-9-20 (a) provides: "A person commits the offense of deposit account fraud when such person makes, draws, utters, executes, or delivers an instrument for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee."[2] Subsection (f) (6) of this Code section provides: " 'Present consideration' shall include

---

[1] Before the 1994 amendment of the Code section, this offense was known as "issuance of a bad check." Ga. L. 1994, p. 1787. The elements of the offense have not changed with respect to the facts presented here.

[2] Before its amendment in 1994, this Code section provided:
> A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee.

without limitation" five enumerated examples, including "[a]n obligation or debt of rent which is past due or presently due." OCGA § 16-9-20 (f) (6) (A).

1. We first note that neither the Code section nor the decisions of our courts in any way limit the definition of "rent." "When the General Assembly enacted [OCGA § 16-9-20] (f), it effectively removed the requirement of present consideration as to bad check offenses relating to payment of rent. . . ." *Cobb v. State*, 246 Ga. 567, 568 (272 SE2d 299) (1980) (antecedent debt for automobile rentals). Evidence that the check was given in exchange for equipment rental was sufficient to enable a rational trier of fact to find Gibson guilty of the crime charged. *Cooley v. State*, 197 Ga. App. 340 (1) (398 SE2d 414) (1990) (payment of judgment for unspecified "past due rentals").

2. Even if this were not the case, or if the repairs to the equipment were considered separately, "[t]he requisite of present consideration may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous transaction." (Citation and punctuation omitted.) *Holder v. State*, 242 Ga. App. 479, 480-481 (3) (a) (529 SE2d 907) (2000). In *Holder*, the victim performed unspecified services for the defendant over a period of approximately one week and was paid the following Saturday. We held that the check in payment of this obligation was issued for present consideration, id., but that another check issued to pay the victim's share of profits from an investment in Holder's business was not. Id. at 481 (3) (b).

In *Spencer v. State*, 286 Ga. 483 (1) (689 SE2d 823) (2010), our Supreme Court relied upon *Holder* to find the evidence sufficient to show deposit account fraud when an electrical contractor installed wiring in Spencer's home and then, after completion of the work, presented him with a bill for which Spencer wrote a bad check. We have also held that when the final amount due to the defendant has not been calculated, due to commissions or other credits, and no invoice has been presented, the transaction has not been completed. *Porado v. State*, 211 Ga. App. 728, 729-730 (2) (440 SE2d 690) (1994) (regular business practice of measuring gasoline consumed, calculating commission, and presenting invoice at end of week met requirement of contemporaneous transaction and present consideration).

Here, evidence was presented that the rental of multiple pieces of construction equipment constituted a single transaction, which was not completed until the victim picked up the equipment, calculated the amount due for necessary repairs, and presented Gibson

with an invoice for which he immediately wrote a check. This constituted sufficient evidence for the trial court to conclude that Gibson's check was given for a present consideration within the meaning of OCGA § 16-9-20 (a).

The cases cited by Gibson in support of his position can be distinguished on their facts; the question of "present consideration" is almost always determined by the facts of each case. In *Griffith v. State*, 249 Ga. 19 (287 SE2d 187) (1982), the course of dealing between the parties showed that if the defendant was not at his business when gasoline was delivered, the victim's driver would simply draw up an invoice and leave it at the business, with no arrangements made for payment. "An understanding that a check would be issued at an unfixed future date" did not create "a single contemporaneous transaction." Id. at 20. In *Marchman v. State*, 173 Ga. App. 257 (325 SE2d 879) (1985) (physical precedent only), another gasoline delivery case, we held that the evidence was insufficient to support the conviction because the victim had "held" defendant's checks in the past, could not testify as to the actual dates of delivery, and produced no invoices showing the dates of delivery of gasoline for which the checks were given. Id. at 259.

In *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009), the defendant deposited a bad check into his own bank account, and the bank investigator testified that the defendant received nothing of value in exchange for the check. Id. at 409 (2). And in *McNeal v. State*, 204 Ga. App. 791 (420 SE2d 653) (1992), the victim, a plumber, did not expect to be paid until after his work was inspected and approved. After he was not paid in a timely fashion, he "began to dun defendant until finally defendant wrote the checks at issue." Id. at 793. We held that no contemporaneous transaction occurred because payment was contingent on a satisfactory inspection and did not occur until some time after the victim began demanding payment. Here, in contrast, Gibson wrote a check to the victim immediately upon presentation of the invoice for the completed rental and repairs. Sufficient evidence supported the verdict of the trial court.

*Judgment affirmed. Doyle, P. J., and Andrews, J., concur.*

DECIDED APRIL 13, 2012.

*Brace W. Luquire*, for appellant.
*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellee.